ALFRED H. SMITH AND HARRISON B. SMITH, RESPOND-ENTS, *v.* HENRY CLEWS, APPELLANT, IMPLEADED, ETC.

*Purchaser of personal property — when liable to the true owner therefor — mere posses-sion of personal property does not give an apparent title — an action of replevin lies against one who has ceased to retain possession of the property.*

The plaintiffs sent through their agent Plumb a pair of diamond earrings to one Miers, who signed a receipt acknowledging that he had received them "on approval to show to my customers; said knobs to be returned to said A. H. Smith & Co. on demand." The plaintiffs denied that they ever authorized Miers to sell the diamonds. The diamonds were subsequently purchased by the defendant from Miers in good faith and without notice of his want of authority to sell.

*Held,* that the court properly submitted to the jury the question whether Miers was in fact authorized to sell, and that their verdict in favor of the plaintiffs would not be disturbed. (BRADY, J., dissenting.)

That the fact that the defendant had parted with the possession of the diamonds did not prevent the plaintiffs from recovering the possession or value of them in this action.

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury, and from an order denying a motion for a new trial.

The plaintiffs, who are importers and dealers in diamonds, in New York, brought this action to recover the possession or the value of certain diamonds alleged to belong to them.

*Albert A. Abbott*, for the appellant.

*Charles H. Woodbury*, for the respondents.

DANIELS, J. :

The judgment was recovered for the possession, or value, of a pair of single stone diamond earrings, purchased by the defendant of Elijah Miers. His authority to make the sale was denied by the plaintiffs, who were the owners of the diamonds at the time when they went into the possession of Miers. And as the defendant declined to surrender them, when that was afterwards requested, this action for the recovery of their possession was brought by the plaintiffs. The proof showed that these diamonds had been delivered by the defendant to his wife after they were purchased by him, and that they both contributed to the payment of the purchase-price to Miers. But the fact that the defendant had parted with their possession was no legal obstacle in the way of the plaintiffs' right to maintain the action, if they were entitled to recover the property from him. (*Barnett* v. *Selling*, 70 N. Y., 492, 494.)

Whether Miers had authority from the plaintiffs to sell the diamonds, as he did, was the fact most earnestly disputed and litigated upon the trial. Upon this point Alfred H. Smith, one of the plaintiffs, upon his cross-examination, testified as follows :

Q. Did not Mr. Miers call on you before you delivered these diamonds to Mr. Plumb ?  A. He did.

Q. Did he not tell you he had a customer for a pair of diamond ear-knobs ?  A. He did.

Q. And did you not say you would send to him, through Mr. Plumb, a pair such as he described ?  A. I do not know that I stated that to him ; I certainly stated to Mr. Plumb I would do so, and did so.

Q. And you instructed Mr. Plumb to deliver them to Mr. Miers ?  A. I authorized him to do so.

Q. And that is the way Mr. Miers got the diamonds ?  A. Yes.

But he did not, at the time of this conversation, deliver the diamonds to Miers. Neither did Miers act in what he afterwards did with them wholly under this authority. The diamonds were delivered to Plumb, who acted in the capacity of an agent of the plaintiffs. He was authorized to pass them over to Miers, and he

afterwards did so. When that was done he took from Miers the following receipt:

"New York, *April* 12, 1879.

"Received from Alfred H. Smith & Co., by their representative B. W. Plumb, a pair of single stone diamond earrings, ten and one-eighth carats, of the value of fourteen hundred dollars, on approval, to show to my customers; said knobs to be returned to said A. H. Smith & Co. on demand. "E. MIERS."

It has been claimed upon the argument that it was not proved that this receipt was taken at the time of its date, or when the diamonds were delivered by Plumb to Miers. But that it was so taken was a fact that was practically assumed in the trial of the cause, and no objection was made to it as evidence because of the omission to give direct testimony that it was taken at the time of its date. The probabilities arising upon the face of the transaction were with the plaintiffs as to this fact, although the receipt itself did not come to their knowledge for a number of days after the day of its date. It was, however, delivered to them by Plumb, who transacted the business for the plaintiffs, and in their interviews it was referred to and regarded as an instrument received from Miers when the diamonds were delivered to him. If the defendant had intended to question that fact the objection should have been made when it might have been met and obviated by direct proof that it was taken at the time when by its terms that imports to have been done. As the case is now presented it is to be considered as an instrument taken from Miers when the diamonds were passed into his possession, and as evidence of his right to control or dispose of the property. This gave him no right or power of sale, but limited him to the act of showing the diamonds to his customers. And so far as the interview between the plaintiff Smith and Miers was in any respect uncertain or ambiguous, the receipt tended to render it definite and remove the uncertainty.

The question whether Miers was in fact authorized to sell the diamonds was submitted to the jury upon the receipt, together with the evidence already mentioned that was given by Smith, and they were directed to find for the defendant if Miers had in fact been authorized to sell the diamonds. This was as much as the defend-

ant was entitled to ask on this part of the case ; and it complied with all that could be required under the authority of *Fitzgerald* v. *Fuller* (19 Hun, 180), for what the court there held was that under evidence of a somewhat similar description the question of authority should be submitted to the jury.

As it is to be assumed from the verdict of the jury that there was no actual authority given to Miers to sell the diamonds, the right of the defendant to withhold them is dependent upon the fact that possession of them was voluntarily transferred to Miers. That, however, in and of itself, has been held to be insufficient to enable the party in possession, without further authority, to transfer the title, to a purchaser, in property of this description. (*Ballard* v. *Burgett*, 40 N. Y., 314, 316.)

To empower a person having possession of tangible personal property of this description to transfer the title to it to a purchaser, the law requires that there shall be superadded to the fact of possession the apparent title or authority to dispose of the property. (*Barnard* v. *Campbell*, 55 N. Y., 456, 463.) And no such appearance as this was added to the fact of possession of the diamonds by Miers.

The principle governing this class of cases is in no manner in conflict with the ruling that a *bona fide* purchaser may protect himself by means of a title acquired from a fraudulent vendee of the property. For, until the right of such a vendee has been annulled by a rescission of the sale, the title remains vested in him, and he may accordingly, during that time, transfer it to another purchasing the property in good faith and for value from him. (*Stephenson* v. *Newnham*, 16 Eng. Law and Eq., 401, 408.)

The case was certainly an unfortunate one for the defendant, but as the law upon the subject of sales of personal property has been settled, he could not, under the facts found to have been sustained by the evidence, legally withhold the diamonds from the plaintiffs, but must be limited to an action for his redress against Miers. The evidence was itself sufficient to sustain the jury in their conclusions, and there was, accordingly, no ground upon which the court could properly interfere and set aside their verdict.

The judgment and order should therefore be affirmed.

DAVIS, P. J., concurred.

Brady, J. (dissenting):

The respondents voluntarily delivered the diamonds claimed to Miers, from whom the defendant purchased them in good faith. It is true that by the receipt which Miers signed, the diamonds were to be returned to the plaintiffs on demand, but the object of the delivery to Miers was known and also stated in the receipt, namely, on approval that he might show them to his customers. Miers was thus clothed with possession and an apparent title to, or authority to sell them, and the defendant knowing nothing of the receipt, acted upon the faith of such title or authority and this created an estoppel. The subject is considered and the distinctions proclaimed in *Barnard* v. *Campbell* (55 N. Y., 463). The plaintiffs, by giving possession of the diamonds to a person whom they knew to be a dealer in them, thus gave him the means of practicing a fraud upon a *bona fide* purchaser if they can be allowed to recover here. The consequences of the act named should fall on them.

I dissent, therefore.

Judgment and order affirmed.