## FARWELL et al. *v.* PRESCOTT.

(*Supreme Court, General Term, Third Department.* November 26, 1890.)

SALE—BONA FIDE PURCHASER.

    M. was met at a place 25 miles from his store, and pressed by defendant for payment of his overdue note, and executed a bill of sale of the entire stock of goods "on sale" in his store. Defendant in payment delivered up the note, and assumed other indebtedness of M. to the full value of the stock. In the afternoon of the same day, and prior to the execution of the bill of sale, flour ordered by M. of plaintiffs on the previous day on a credit of 30 days was delivered at the store. *Held,* that defendant was a *bona fide* purchaser of the flour, and entitled to possession thereof, as against plaintiffs; and that his title thereto was not affected by the fact that M. never agreed to pay for the flour, and that neither he nor M. knew the flour was in the store when the bill of sale was delivered.

Appeal from circuit court, Lawrence county.

Action by Frederick R. Farwell and another against Lucien J. Prescott. The action was brought to recover the possession of flour worth $64.50, alleged to be the property of the plaintiffs, and wrongfully detained by the defendant. Prior to October 29, 1889, Ellis J. McIntosh was keeping a grocery store in Canton, N. Y. He was insolvent, and knew it. He owed the defendant $1,500 upon a note due October 15th previously. The defendant on that day at Ogdensburgh, 25 miles distant from Canton, met McIntosh, and pressed him for payment, or for security. McIntosh's father was present. The defendant held a note of $800 against the father, which the father had given the defendant as an accommodation to his son. Various propositions were made. The result was that Ellis J. McIntosh, at 4 o'clock in the afternoon, executed and delivered to the defendant a bill of sale of his entire stock of goods "on sale" in his store in Canton. The defendant in payment thereof delivered up to the son his note against him for $1,500, and to his father the said note of $800 which he held against him, and promised to pay the amount of the son's overdraft at the bank, which proved to be $120. The defendant subsequently paid this overdraft. The defendant returned to Canton and took possession of the stock of goods and store that evening. No question is made that the consideration paid was not ample. At 2 o'clock on the afternoon of the same day, a cart-man drew from the railroad depot in

Canton, and delivered at the store, the flour in question. Ellis J. McIntosh ordered it of the plaintiffs, who did business at Watertown, by letter dated October 19th, on the usual credit of 30 days. It reached the depot at Canton at 10 o'clock, October 29th. McIntosh, when it was delivered, did not intend to pay for it. It had not been delivered when McIntosh left Canton for Ogdensburgh, October 29th. Neither McIntosh nor defendant knew that it was in the store when the bill of sale was delivered. It was received during McIntosh's absence by his clerk. The defendant did not know except in a very general way what was in the store when he took the bill of sale. The case was tried to the court without a jury. There was judgment dismissing the complaint, and plaintiffs appeal therefrom.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Nelson L. Robinson*, for appellants. *John C. Keeler*, for respondent.

LANDON, J. We adopt the opinion of the learned trial court. As between McIntosh and the plaintiffs, the fraud of McIntosh in not intending to pay for the flour gave the plaintiffs the better title to it. The fact that McIntosh after delivery had the right to reject the flour, if upon inspection it should not be found to conform to his order, was McIntosh's right, and not in any respect a right of the plaintiffs. The plaintiffs' delivery was complete, and McIntosh thereupon could instantly sell the flour to a *bona fide* purchaser for value. Defendant was such a purchaser. The plaintiffs, however, contend that, since neither McIntosh nor defendant knew at the time the bill of sale of the stock of goods was delivered to defendant that the flour had been delivered at the store, therefore no part of the consideration paid by the defendant for the stock of goods on sale was paid for the flour, and hence the case is not brought within the rule that only he who has paid value or made advances or incurred responsibilities upon the credit of goods, obtained from the owner by fraud, can claim to own them as against such owner. *Barnard* v. *Campbell*, 65 Barb. 286, 55 N. Y. 456, 58 N. Y. 73. But the fact is the defendant bought the stock of goods hastily, without an inventory, without previous expectation of buying them, and at best with but a rough and imperfect estimate or knowledge of the specific articles composing the stock. He bought them under the influence of a fear that unless he bought them McIntosh would manage to evade payment of the debt he owed him. He took the risk of the stock of goods being more or less than was estimated, but he certainly parted with the consideration upon the credit of whatever goods there actually were in the store. His reliance was that whatever were actually there on sale became his. To say that because he did not know about this flour he did not deal upon the credit of it would be to enunciate a principle which, if applied in detail to the items of his stock, might deprive him of them one by one. He dealt upon the credit of the mass of goods, and the flour proved to be a part of it. Judgment affirmed, with costs. All concur.