COMMERCIAL CREDIT CORPORATION, Appellant, *v.* NORTHERN WESTCHESTER BANK, Respondent.

(Argued May 22, 1931; decided June 2, 1931.)

*Berthold Muecke, Jr.,* and *Duane R. Dills* for appellant. The trial court misapplied the Factors' Act to the stipulated facts. (*Pegram* v. *Carson,* 23 N. Y. Super. Ct. 505; *Brooks* v. *Hanover Nat. Bank,* 26 Fed. Rep. 301; *First Nat. Bank* v. *Shaw,* 61 N. Y. 283; 69 N. Y. 624; *Kinston Cotton Mills* v. *Kuhne,* 129 App. Div. 258; *Kuphick* v. *Levy,* 114 Misc. Rep. 533; *Cartwright* v. *Wilmerding,* 24 N. Y. 521; *New York Security & Trust Co.* v. *Lipman,* 157 N. Y. 551; *Freudenheim* v. *Gutter,* 201 N. Y. 94; *Clark* v. *Flynn,* 120 Misc. Rep. 474.) The trial court misapplied the equitable doctrine of estoppel to the facts in this case, and its decision is contrary to and in conflict with legal principles. (*Wetzlar* v. *Wood,* 143 App. Div. 311; *Martin* v. *Steinke,* 22 Ohio App. 146; *General Motors Acceptance Corp.* v. *Gandy,* 200 Cal. 284; *Jewett* v. *Miller,* 10 N. Y. 402; *Brown* v. *Bowen,* 30 N. Y. 519; *Malloney* v. *Horan,* 49 N. Y. 111; *McMaster*

v. *President*, 55 N. Y. 222; *Bernard* v. *Campbell*, 55 N. Y.
456; *Winegar* v. *Fowler*, 82 N. Y. 315; *Andrews* v. *Ætna
Life Ins. Co.*, 85 N. Y. 334; *Thompson* v. *Simpson*, 128
N. Y. 270; *Jacobus* v. *Jamestown Mantel Co.*, 211 N. Y.
154; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y.
285; *Culmer* v. *American Grocery Co.*, 21 App. Div. 556;
*Sutherland* v. *Mead*, 80 App. Div. 103.)

*William H. Weeks* and *Edward P. Barrett* for respond-
ent.  The court properly applied the Factors' Act to the
facts in the case.  (*Cartwright* v. *Wilmerding*, 24 N. Y.
521; *Howland* v. *Woodruff*, 60 N. Y. 73; *Dorrance* v.
*Dean*, 106 N. Y. 203; *Schwab* v. *Oatman*, 106 N. Y.
Supp. 741; *Soltau* v. *Gerdau*, 119 N. Y. 380; *Freudenheim*
v. *Gutter*, 201 N. Y. 94; *Sanette Corp.* v. *Sanette Corp.*,
230 N. Y. Supp. 102; *New York S. & T. Co.* v. *Lipman*,
157 N. Y. 551; *Clark* v. *Flynn*, 199 N. Y. Supp. 583;
*Matter of James, Inc.*, 30 Fed. Rep. [2d] 555.)  Under
the Factors' Act (subd. 1) the bill of sale takes preference
over the unrecorded trust receipt.  (*Matter of James,
Inc.*, 30 Fed. Rep. [2d] 555; *Clark* v. *Flynn*, 199 N. Y.
Supp. 583.)  The doctrine of equitable estoppel was prop-
erly applied.  (*Bernard* v. *Campbell*, 55 N. Y. 456; *Jacobs*
v. *Jamestown Mantel Co.*, 211 N. Y. 154; *Metropolitan
Life Ins. Co.* v. *Childs*, 230 N. Y. 285; *Parker* v. *Baxter*,
86 N. Y. 586; *Dows* v. *Kidder*, 84 N. Y. 121; *Voorhis*
v. *Olmstead*, 66 N. Y. 113; *Moore* v. *Metropolitan Nat.
Bank*, 55 N. Y. 41; *McNeil* v. *Tenth Nat. Bank*, 46
N. Y. 325.)  The bill of sale given as collateral security
for the payment of the promissory note gave the
respondent the right to the possession of the auto-
mobile when the dealer failed to pay the note.  (*Rivara*
v. *Stewart & Co.*, 241 N. Y. 259; *Cartwright* v. *Wilmerding*,
24 N. Y. 521; *Gandy* v. *Collins*, 214 N. Y. 293; *Stephens*
v. *Meridan Britannia Co.*, 160 N. Y. 178; *Sullivan* v.
*Miller*, 106 N. Y. 635; *Jones* v. *Graham*, 77 N. Y. 628;
*Utica Trust & Deposit Co.* v. *Decker*, 244 N. Y. 340.)

Hubbs, J.   This is an action in replevin for the recovery of six automobiles.   Both appellant and respondent are organized under the Banking Law of the State of New York (Cons. Laws, ch. 2), appellant being engaged in commercial financing and respondent in the general banking business.   One John F. Bryan was an automobile dealer and will be designated hereinafter as " the dealer."

Appellant originally acquired title to the six automobiles directly from the manufacturer thereof.   The automobiles were delivered to the dealer on his execution of certain trust receipts, held by the appellant, which provided that the dealer should hold the automobiles in trust for the appellant and that the dealer should not lend, rent, mortgage, pledge, incumber, operate, use or demonstrate the same but might sell all or any of them for cash and hold the proceeds in trust for the appellant. The trust receipts also provided for the retaking of the automobiles by appellant in the event of dealer's default.

The dealer placed the automobiles in his showrooms and thereafter executed and delivered to the respondent certain promissory notes and as collateral security for the payment of the notes delivered to it bills of sale of the six automobiles in question.   Subsequently the dealer defaulted in payment of the notes and the respondent took possession of the automobiles.   Thereupon the appellant replevied them from respondent pursuant to the writ of replevin issued in this action.

Appellant's trust receipts were neither filed nor recorded. In fact, it was conceded that the trust receipts were not conditional bills of sale or chattel mortgages and accordingly the statutes relating to the filing and recording of such instruments have no application.

The action was submitted upon a stipulation and agreed statement of facts which sets forth the appellant's original title, the delivery of the automobiles to the dealer, the execution of the trust receipts, the execution of the bills of sale as collateral security for the promissory notes

given by the dealer to respondent at the time of the execution of the bills of sale; that the dealer remained in complete and undisturbed possession of the automobiles until they were taken by respondent upon the dealer's default in payment of the notes and that respondent had no notice or knowledge of the existence of the trust receipts and no notice, information or knowledge that the dealer was not the owner of said automobiles at the time when the bills of sale and promissory notes were delivered by the dealer to the respondent.

The trial court gave judgment to the respondent upon the ground that the appellant, having clothed the dealer with apparent ownership and having expressly conferred upon him permission to sell, was estopped to deny, as against a creditor in good faith who contracted with such dealer for the sale or disposition of the automobiles, that the dealer had the right to dispose of the same. It was also held that the rights of the parties are governed by the Factors' Act (Pers. Prop. Law [Cons. Laws, ch. 41], § 43, subd. 1), under the provisions of which an agent intrusted with the possession of merchandise for the purpose of sale is deemed the true owner thereof so far as to give validity to a contract made with the agent for the sale or disposition of the merchandise.

The act in question reads as follows:

" Factors' Act. 1. Every factor or other agent, entrusted with the possession of any bill of lading, custom-house permit, or warehouseman's receipt for the delivery of any merchandise, and every such factor or agent not having the documentary evidence of title, who shall be intrusted with the possession of any merchandise for the purpose of sale, or as a security for any advances to be made or obtained thereon, shall be deemed to. be the true owner thereof, so far as to give validity to any contract made by such agent with any other person, for the sale or disposition of the whole or any part of such merchandise and any account receivable or other chose in action created by sale or other disposition of such

merchandise, for any money advanced, or negotiable instrument or other obligation in writing given by such other person upon the faith thereof."

In the second subdivision thereof it is provided as follows:

" Every person who shall hereafter accept or take any such merchandise and any account receivable or other chose in action created by sale or other disposition of such merchandise in deposit from any such agent, as a security for any antecedent debt or demand, shall not acquire thereby, or enforce any right or interest in or to such merchandise and any account receivable or other chose in action created by sale or other disposition of such merchandise or document, other than was possessed or might have been enforced by such agent at the time of such deposit."

It is the contention of the appellant that the agreed statement of facts contains no statement of a present consideration for the execution and delivery of the promissory notes and bills of sale, fails to show that the instruments in question were not given as security for an antecedent debt or demand, and fails to show that the respondent made any advance upon the faith of the dealer's possession of the automobiles. The respondent did not execute any negotiable instrument or other obligation in writing, so that it is not entitled to the benefit of subdivision 1 unless the contracts for the sale or disposition of the automobiles were made for money presently advanced. Unless there is a presumption that a promissory note or bill of sale is given for money presently advanced, it is clear that subdivision 1 of the Factors' Act has no application.

The extent of the presumption as to the consideration for a negotiable instrument is set forth in the Negotiable Instruments Law, article 4, section 50 (Cons. Laws, ch. 38), which reads as follows:

" Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and

every person whose signature appears thereon to have become a party thereto for value."

By section 51 of the same law it is provided that an antecedent or pre-existing debt constitutes value.

The agreed statement of facts contains only the allegation that the bills of sale were, in each instance, given as collateral security for a certain promissory note " in the sum of $1000.00." The bill of sale, made a part of the statement of facts, recites the consideration as follows: " One Thousand and .........Dollars paid by the Northern Westchester Bank, receipt whereof is hereby acknowledged." And the note, also made a part of the statement of facts, reads: " On demand after date for value received the undersigned promises to pay," etc. In neither the bill of sale nor the note referred to is there any statement which shows whether the money advanced by the respondent was presently advanced or had been previously advanced.

No decision has been called to our attention to the effect that the recital of consideration in a bill of sale, not specific as to the time when such consideration was advanced, indicates a present advancement of the consideration and the court must take judicial notice of the fact that such instruments are commonly given as security for or in payment of antecedent debts. In the instant case there is nothing in the instruments or in the statement of facts to indicate a present advancement of money which would entitle the respondent to the benefit of subdivision 1 of the Factors' Act. As this case was submitted to the court upon an agreed statement of facts, only questions of law were submitted, and the courts cannot draw inferences of fact from the agreed statement unless the inferences follow as necessary inferences as a matter of law. It follows that the judgment must be reversed unless appellant is estopped from setting up its title.

The trial court held that such estoppel existed. The agreed statement of facts sets forth the original title in

the appellant. It was, therefore, entitled to judgment unless the statement of facts disclosed that it had been divested of that title. All that is set forth in the statement of facts is the taking of the promissory notes and the bills of sale as collateral security for the payment thereof.

Before the doctrine of equitable estoppel becomes applicable as against the true owner of merchandise in the possession of another, it must appear that the person alleging the estoppel acted and parted with value upon the faith of the apparent ownership or authorization of the person in possession of the merchandise. (*Barnard* v. *Campbell*, 55 N. Y. 456.)

It has been held that "An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury." (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.