CHARLES T. PARKER et al., Appellants, *v.* ARCHIBALD BAXTER et al., Respondents.

Where goods, sold to be paid for in cash or notes on delivery, are delivered to the purchaser without the cash or notes being given or demanded, the presumption is that the condition has been waived, and that a complete title vests in the purchaser.

This presumption, however, may be rebutted by such declaration or acts of the parties, connected with the circumstances, as show an intention that the delivery should not be considered complete until performance of the condition.

The question with what intent the delivery was made, when any doubt arises, is one of fact.

Plaintiffs had had numerous dealings with B. & Co., selling to them produce

for export. Their course of business was, when produce was so sold, to place it on board vessels designated by B. & Co., taking ship's receipts and measurer's certificates and delivering them to the vendees after indorsing the receipts; payment therefor was made in cash on the Wednesday or Saturday succeeding the delivery. Upon the bill-heads used by plaintiffs was printed a notice as follows :   "Terms of sale. Cash on delivery, and merchandise billed is not to be deemed and taken as delivered, nor title passed, until paid for, without regard to possession." In July, 1875, plaintiffs sold to B. & Co. a quantity of corn to be delivered to buyer's vessel. A sale note was delivered to B. & Co., embodying the contract and stating "payment cash." The contract of sale was in writing ; it contained no such provision as in the bill-heads. The corn was delivered as stipulated, on board the designated vessels ; ship's receipts and measurer's certificates taken therefor. B. & Co. called for the receipts but plaintiffs refused to deliver without a positive assurance of prompt payment ; upon receiving an assurance of payment early the next morning, the indorsed receipts were delivered, and together with them bills with such printed heading, for the price of the corn. In an action to determine the question as to the title to the corn these facts appeared : It did not appear that at the time of the delivery of the receipts and bills any allusion was made to the printed headings, or that any examination of them was made, or that any condition was attached to the delivery. *Held,* that the delivery of the shipping receipts upon promise to pay the next day, was presumptive evidence of absolute delivery of the corn ; and that while the delivery at the same time, of the bills with the printed headings, was a circumstance tending to rebut the presumption, and would have justified a finding that the intention was to make the delivery conditional, yet it was not so controlling as to make a finding of absolute delivery error as matter of law.

The finding of the referee that the condition of cash payment was waived, was not contained in his findings of fact, but was among his conclusions of law. *Held,* that it was to be assumed that he found the facts necessary to support his conclusions, as the evidence would authorize such a finding.

*It seems* that if the delivery had been conditional, so that the title did not pass as between plaintiffs and B. & Co., the latter could, nevertheless, give a good title to a *bona fide* purchaser or pledgee.

(Argued May 21, 1881 ; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made December 30, 1879, which affirmed a judgment in favor of defendants, entered upon the report of a referee. (Reported below, 19 Hun, 410.)

This action was brought by plaintiffs, who composed the firm of Parker & Howland, against the members of the firm of Archibald Baxter & Co., and the members of the firm of Brown Brothers & Co., to determine who was entitled to the proceeds of a quantity of corn in the hands of Brown Brothers & Co. The corn in question was sold and delivered by plaintiffs to Baxter & Co.; plaintiffs claimed to be entitled to retake it, upon the ground that the delivery was obtained by fraud, and that such delivery was conditional. Brown Brothers & Co. claimed as *bona fide* pledgees of the corn, they alleging that they purchased a bill of exchange drawn by Baxter & Co., for which the corn was security, in good faith and in reliance upon the bills of lading of the corn, and upon an agreement between Baxter & Co., and the Bank of Liverpool, the drawee of the bill, by which the drawers were authorized to draw against shipments of grain, the bills of lading whereof to be sent direct to the bank by the drawers, with the letter of advice of the drawing of the bill. The agreement being indicated on the face of the bills by the words "as advised." By agreement between plaintiff's firm and Brown Brothers & Co., the corn was sold and the proceeds were held by the latter, subject to the decision of this action, which was commenced in pursuance of said agreement.

The material facts pertinent to the questions discussed are stated in the opinion.

*M. W. Divine* for appellants. A delivery of goods by a vendor will be regarded as conditional if the intention of the parties that it should be so can be inferred from their acts, and the circumstances, although not declared to be conditional at the time of the delivery. (*Smith* v. *Lynes,* 5 N. Y. 41; *Hammet* v. *Linneman,* 48 id. 399; *Osborne* v. *Gantz,* 60 id. 540–542; *Fleeman* v. *McKean,* 25 Barb. 474; *Dows* v. *Dennistoun,* 28 id. 393; *Haggerty* v. *Palmer,* 6 Johns. Ch. 437; *Haggerty* v. *Duane,* 1 Paige, 321; *Furniss* v. *Hone,* 8 Wend. 247; *Stiles* v. *Howland,* 32 N. Y. 309; *Keeler* v. *Field,* 1 Paige, 312; *Russell* v. *Minor,* 22 Wend. 659; *Leven* v. *Smith,* 1

Den. 571 ; *Lees* v. *Richardson*, 2 Hilt. 164 ; *Beaver* v. *Lane*, 6 Duer, 232 ; *Hirschhorn* v. *Canney*, 98 Mass. 149 ; *Meyer* v. *Amidon*, 45 N. Y. 169 ; *Oberlander* v. *Speiss*, id. 179 ; *Comstock* v. *Ames*, 3 Keyes, 575 ; *Cole* v. *Mann*, 62 N. Y. 4.) The title to the corn did not pass as between plaintiffs and Baxter & Company, as they procured possession of the shipping documents by fraudulently suppressing and concealing from plaintiffs their long-continued and hopeless insolvency, and by falsely representing (in substance) that they could, and would certainly, pay for the corn on the day following the delivery of the documents. (*Phelps* v. *Vischer*, 50 N. Y. 69 ; *Bennet* v. *Buchan*, 76 id. 386.) As no title to the corn ever passed from plaintiffs to Baxter & Company, Brown Brothers & Company are not entitled to any lien on that corn arising out of any transaction between them and Baxter & Company, unless it be shown that they sustain toward it the relation of *bona fide* purchasers or pledgees for value, and without notice of plaintiffs' rights. (*McNeil* v. *Tenth Nat. Bk.*, 46 N. Y. 329 ; *Winne* v. *McDonald*, 36 id. 240 ; *Devoe* v. *Brandt*, 53 id. 462 ; *Barnard* v. *Campbell*, 55 id. 456 ; *Hollingsworth* v. *Napier*, 3 Cai. 182 ; *Bk. of Rochester* v. *Jones*, 4 N. Y. 497 ; *Rawles* v. *Deshler*, 3 Keyes, 572 ; *Western T. Co.* v. *Marshall*, 37 Barb. 599 ; affirmed, 4 Abb. Ct. of App. 575 ; *Comm. Bk. of Buffalo* v. *Kortwright*, 32 Wend. 348 ; *Crocker* v. *Crocker*, 31 N. Y. 507 ; *Paddon* v. *Taylor*, 44 id. 371 ; *McNeil* v. *Tenth Nat. Bk.*, 46 id. 325 ; *Moore* v. *Met. Nat. Bk.*, 55 id. 41 ; *Barnard* v. *Campbell*, 65 Barb. 286.) Baxter & Company could not make any appropriation affecting property to which they had no title. They could only appropriate what belonged to them, and, if they had no title to plaintiff's corn, they certainly could not appropriate it to the payment of that bill. (*Roby & Co.'s Iron Works* v. *Ollier*, L. R., 7 Ch. App. 696 ; *In re Entwistle, ex parte Arbuthnot*, 3 Ch. Div. 477.) The bill of exchange and letter of advice did not operate as an equitable assignment of the corn, or its proceeds, to Brown Brothers & Company. (*Harris* v. *Clark*, 3 N. Y. 118 ; *Winter* v. *Drury*, 5 id. 525 ; *Chapman* v. *White*, 6 id. 412 ; *Lowery*

v. *Stewart,* 25 id. 239 ; *Munger* v. *Shannon,* 61 id. 251 ; *At-torney-General* v. *Continental Life Ins. Co.,* 71 id. 325 ; *Marine & Fire Ins. Co.* v. *Jauncey,* 3 Sandf. 257 ; *Thompson* v. *Simpson,* L. R., 5 Ch. App. 659 ; *Citizens' Bk.* v. *First Nat. Bk.,* L. R., 6 H. L. C. 352 ; *Mandeville* v. *Welch,* 5 Wheat. 277 ; *Tiernan* v. *Johnson,* 5 Pet. 580 ; *Cowperthwaite* v. *Shef-field,* 1 Sandf. 451 ; *S. C.,* 3 N. Y. 451.)

*Clarkson N. Potter* for respondents. To constitute fraud there must be an intention to cheat. The mere omission of the purchaser to disclose insolvency is not fraud, for which a sale can be avoided. (*Nichols* v. *Pinner,* 18 N. Y. 295 ; *Nichols* v. *Michael,* 23 id. 274 ; *Byrd* v. *Hall,* 2 Keyes, 647 [1866]; *Tiffany* v. *Boatmen's Ass'n,* 18 Wall. 388.) If there was no fraud, then, by Parker's delivery of the ship's receipts, the title to the corn passed absolutely to Baxter & Co. (*Smith* v. *Lynes,* 1 Seld. 44.) A fraudulent vendee can pledge or hy-pothecate the goods obtained by fraud so as to defeat the ven-dor's title. (*Parker* v. *Palmer,* 5 T. R. 175 ; *Lord* v. *Green,* 15 M. & W. 219 ; *White* v. *Gordon,* 5 L. & Eq. 379.) Plaintiffs having voluntarily parted with the ship's receipts, which repre-sented the property, and having disaffirmed the sale until after two o'clock on the day following, they were bound by it. (*Dows* v. *Rush,* 28 Barb. 185 ; *Transportation Co.* v. *Mar-shall,* 4 Abb. Ct. App. 676 ; affirmed, 37 Barb. 515 ; *Lynch-burg* v.        , 2 Prize Cases,     ; *Marine Bank* v. *Wright,* 48 N. Y. 5 ; *Rawl* v. *Dashler,* 4 Abb. Ct. App. 12 ; *Cincinnati Bank* v. *Kelly,* 57 N. Y. 35 ; *Dows* v. *Green,* 21 id. 642 ; *Cayuga Bk.* v. *Daniels,* 47 id. 638 ; *Gibson* v. *Ste-vens,* 8 How. 399–400 ; *Rowley* v. *Bigelow,* 12 Pick. 191.) The promise by Baxter & Co. to send the bills to the bank having been performed, the advance of Brown Brothers & Co. rested on the goods. (*Cutter* v. *Perkins,* 12 Mass. 210 ; *Bk. of Roch-ester* v. *Jones,* 4 Comst. 502–3 ; *Bk. of Cincinnati* v. *Kelly,* 57 N. Y. 268 ; *Seymour* v. *Canandaigua, etc., R. R.,* 23 Barb. 308 ; *Coe* v. *Pennock,* 23 How. 128–9 ; *Langton* v. *Hireton,* 1 Hare's Ch. 549 ; *Dunham* v. *Ry. Co.,* 1 Wall. 267 ; *Fisk* v.

*Potter*, 2 Keyes, 73; *Bailey* v. *Greenleaf*, 7 Wheat. 57;
*Cartwright* v. *Wilmerding*, 24 N. Y. 533; *Fenley* v. *Pritch-
ard*, 2 Sandf. 156; *Conrad* v. *Atlantic Ins. Co.*, 1 Peters, 447;
1 Bos. & Pul. 563; *Cayuga Bk.* v. *Daniels*, 47 N. Y. 638;
*Rowley* v. *Bigelow*, 12 Pick. 191; *Bailey* v. *Hudson River
Co.*, 49 N. Y. 75; Bateman's Commercial Law, § 251; *De-
brow* v. *Macdonald*, 5 Bosw. and 39 N. Y. 240–4; 4 Am. Law
Reg. [N. S.] 602, 687, 691, 692; *Howard Co.* v. *Halsey*, 4
Seld. 274; *Leach* v. *Scott Brothers*, 2 Q. B. D. 376; *Cum-
ing* v. *Brown*, 9 East, 513; *Rogers* v. *Hoosack's Exrs.*, 18
Wend. 345.)

Rapallo, J. Upon the question whether the delivery of the
corn to A. Baxter & Co. was obtained by fraud, or with the
design not to pay for it, the testimony was conflicting, and the
finding of the referee is conclusive on this appeal.

The remaining questions are, first, whether the uncontroverted
testimony, or the specific facts found, so clearly establish a con-
ditional delivery, that the referee's conclusion that, by the
delivery of the ship's receipts for the corn, the plaintiffs waived
the condition in the terms of sale, and the title to the corn
passed absolutely to Baxter & Co., was erroneous; and secondly,
whether the finding that the defendants, Brown Brothers & Co.,
purchased the bill of exchange for which the corn was security,
in good faith, for full value and in reliance upon the arrange-
ment with the Bank of Liverpool and upon the security of the
bills of lading of the corn, was so totally unsupported by evi-
dence as to constitute legal error.

A determination of either of these questions adversely to the
appellants leads to an affirmance of the judgment, for, even if
the delivery was conditional, so that the title did not pass as
between the plaintiffs and Baxter & Co., they could, neverthe-
less, give a good title to a *bona fide* purchaser or pledgee.
(*Smith* v. *Lynes*, 5 N. Y. 41; *Comer* v. *Cunningham*, 77 id.
391, 396.) And it is equally plain that if the delivery was
absolute and the title passed to Baxter & Co., the plaintiffs

parted with all right to reclaim the goods or their proceeds, and could only look to Baxter & Co. for the price.

The facts found in respect to the sale and delivery are, that the plaintiffs and Baxter & Co., prior to August, 1875, had had numerous dealings with each other, the plaintiffs selling to Baxter & Co. corn and other produce, and that their course of business was, when corn or produce was so sold for export, it was placed by the plaintiffs on board the vessels designated by Baxter & Co., and ship's receipts and measurer's certificates were taken therefor by the vendors. The delivery of these documents to the vendees with the ship's receipts indorsed, constituted a delivery of the goods. When payment therefor was to be made in cash, such payment was to be made on the Wednesday or Saturday succeeding such delivery, and delivery before nine o'clock, A. M., of any Wednesday or Saturday, entitled the vendors to payment on the day of delivery.

Upon the bill-heads used by the plaintiffs was printed the following notice:

" NOTICE.— Terms of sale.— Cash on delivery, and merchandise billed is not to be deemed and taken as delivered, nor title passed until paid for, without regard to possession."

On the 22d of July, 1875, the plaintiffs, through a broker, sold to Baxter & Co. twenty thousand bushels of corn to be delivered, seller's option, during the month of August then next, in ordinary boat-loads, to buyer's vessel, or order, in the port of New York. A sale note was delivered to Baxter & Co., embodying this contract, and on it was stated " Payment cash." On Monday, August 2d, the plaintiffs notified Baxter & Co. that they were ready to deliver one boat-load of the corn, and on the next day another boat-load, and on the 5th day of August Baxter & Co. designated two vessels on board of which the corn should be laden. The corn was delivered accordingly on board the designated vessels and measurer's certificates and ship's receipts taken therefor by the plaintiffs on the 6th of August. These receipts entitled the holder or indorsee to receive bills of lading for the corn, made out according to his instructions.

On Friday afternoon, August 6, a clerk of Baxter & Co. called upon the plaintiffs for the ship's receipts, which Mr. Parker, one of the plaintiffs, declined to deliver without a positive assurance of prompt payment, assigning as a reason delay in some previous transaction, and during the same afternoon Mr. Parker called at the office of Baxter & Co., with said ship's receipts indorsed in blank, and mentioned to the defendant Baxter the delay of payment on a prior occasion, and stated that he wished to be sure that Baxter & Co. would pay for the corn early the next morning. Baxter replied that such payment would be made, and the plaintiff Parker thereupon delivered to him the ship's receipts, indorsed, and left them with him.

Nothing appears to have been said at the time attaching any condition to this delivery, but Parker testifies that, together with the ship's receipts, he delivered to Baxter bills for the price of the corn, which contained the printed headings before referred to. But it does not appear that any reference or allusion was made to these bills or headings, or that any examination of them was made.

The general rules for determining whether a delivery is absolute or conditional, are clearly and concisely summarized in *Smith* v. *Lynes* (5 N. Y. 41), and *Osborn* v. *Gantz* (60 id. 540), and are in substance that where goods sold, to be paid for in cash or notes on delivery, are delivered to the purchaser without the cash or notes being given or demanded at the time, the presumption is that the condition is waived, and that a complete title vests in the purchaser, but that this presumption may be rebutted by proof of such declarations or acts of the parties, connected with the circumstances of the case, as show an intention that the delivery should not be considered complete until performance of the condition, and that the question with what intention the delivery is made, where any doubt arises, is one of fact. An express declaration of an intention to insist upon the performance of the condition is not necessary, but such intention may be inferred from the acts of the parties and the circumstances of the case.

The delivery of the shipping receipts by Parker to Baxter

on the 6th of August, on his promise to pay on the next day, was presumptive evidence of an absolute delivery of the goods, and a giving of credit for the price, and if standing alone, would have required the referee to find a complete delivery. The delivery, however, at the same time, of the bills containing the printed heading before referred to, was a circumstance tending to rebut that presumption, and would have justified the referee in finding that the intention was to make the delivery conditional. The serious question before us is, whether that circumstance is so controlling that it required the referee to find that the delivery was conditional, and renders his finding to the contrary erroneous as matter of law. If attention had been called to the heading of the bills, and it had been stated that the delivery was made in accordance with its terms, there would have been no room for doubt as to the intention of the parties, and the referee would have been bound to observe the legal rule that such intention must govern, and to find accordingly. But, although, in the absence of such evidence, he might properly have found as a fact that the delivery was intended to be subject to the terms of the printed heading, it is a very different question whether he was bound so to find. Nothing appears in the case showing that at the time of the transaction any doubt existed in the minds of the plaintiffs as to the responsibility of Baxter & Co. It can safely be assumed that the plaintiffs were aware that Baxter & Co. desired the shipping receipts for the purpose of obtaining bills of lading from the vessels on which the corn had been laden by their directions, for shipment abroad, and that in the usual course of business, as shown by the evidence, they would negotiate their drafts drawn against such shipments. The bills, it is said, were pinned to the measurer's returns and ship's receipts, and were the ordinary forms of bills used by the plaintiffs in their business; but they do not seem to have been regarded by the parties as an element in the transaction, nor does it appear that they were even looked at. The contract for the purchase was in writing and contained no such provision as is in the printed heads to the bills; all it said was, "payment cash." The important ob-

ject of Mr. Parker's call appears to have been to receive the personal assurance of Mr. Baxter that the price of the corn would be paid the next day, and on receiving this assurance he left the documents and went away, apparently satisfied. Under these circumstances we do not feel at liberty to say that the intention of the parties was so conclusively proved that the referee could not pass upon it as a question of fact, and that there is no evidence in the case which can sustain his conclusion that the delivery was absolute.

It is urged on the part of the appellant that the finding of the referee that the condition was waived and that the delivery was absolute, is not contained in his findings of fact, but is among his conclusions of law, and from this it is argued that he must be deemed to have decided that the delivery of the ship's receipts waived all conditions, without regard to the intention or understanding of the parties. This we do not consider the proper view. We cannot assume that the referee ignored or intended to disregard the legal principles governing such cases, and with which his opinion shows that he was fully conversant. On the contrary we must, in accordance with settled rules, assume that he found the facts necessary to support his conclusion, provided the evidence in the case was such that he might have found them; and our review of the evidence has been for the purpose of showing that, although it would have sustained a finding of a conditional delivery, yet it was capable of a construction which would support a finding of an intention to make a complete delivery on the 6th of August, in reliance upon the promise of the vendee to pay upon the 7th.

This view is sufficient to dispose of the case without deciding the question whether Brown Brothers & Co. stand in the position of *bona fide* pledgees of the corn. The principal points made by the appellants on that branch of the case are that Brown Brothers & Co. did not buy the bill of exchange drawn by Baxter & Co. upon the Bank of Liverpool, for which the bill of lading of the corn was pledged as security, upon the faith of that bill of lading, or of the ship's receipts

which had been delivered by the plaintiffs to Baxter & Co., none of those documents having been exhibited to Brown Brothers & Co., and they not having even been informed what particular merchandise was pledged to the bank for the bill. But the case shows that the form of the bill, in connection with the established course of dealing between Baxter & Company and Brown Brothers & Company, plainly indicated that the bill was drawn against a shipment of merchandise, and constituted a representation to that effect, and the referee finds that Brown Brothers & Company purchased the bill in reliance upon such shipment. If no shipment had been, in fact, made, and the property, or the legal evidences of title thereto, had not, at the time of the purchase of the bill by Brown Brothers & Company, been obtained from the plaintiff, the case would have been within *Barnard* v. *Campbell* (55 N. Y. 456, and 58 id. 73), and a subsequent conditional delivery of the property to Baxter & Company would not have availed the holders of the bill. As is said in *Barnard* v. *Campbell* (55 N. Y. 464), the purchasers of the bill would, under the circumstances, have parted with the consideration upon the assertion of a right by Baxter & Co., for which the plaintiffs were in no way responsible. But the distinction between that case and the present is, that here, at the time Baxter & Co. represented that they had shipped the property, they had in fact shipped it, and the plaintiffs had clothed them with the indicia of title, and although they did not actually exhibit these indicia to Brown Brothers & Co., yet they represented to them in substance that they had the property and had shipped it, and the plaintiffs had enabled them to make that representation truly. It cannot, therefore, be said that Brown Brothers & Co. trusted to an assertion of title for which the plaintiffs were in no way responsible. If the property had not been delivered to Baxter & Co., they could not, without making a false representation, have sold exchange against it, and it cannot be assumed that they would have done so. There is strong ground for sustaining the claim of Brown Brothers & Co., as *bona fide* pledgees, but the disposition made

of the first branch of the case renders it unnecessary to pass finally upon this question.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.