CLAUDIAN LEATHERBURY AND WILLIAM LE CHARD, PLAINTIFFS IN ERROR, v. GEORGE E. CONNOR AND MICHAEL McNULTY, DEFENDANTS IN ERROR.

Delivery of goods sold upon condition that they shall be paid for concurrently with the delivery, raises a presumption that the sale is absolute, and if the payment be not made as agreed the vendor must pursue his right to recover possession of the goods with all the reasonable diligence that the circumstances surrounding will permit. Failure to do so, during which others buy the goods as the property of the vendee, constitutes a waiver of the vendor's right in the goods.

On error to the Supreme Court.

For the plaintiffs in error, *John W. Wartman.*

For the defendants in error, *Alfred Hugg.*

The opinion of the court was delivered by

THE CHANCELLOR. On the 7th day of March, 1889, at Philadelphia, the defendants in error bargained by letter with the Vangazelle Valve and Manufacturing Company to deliver at Atlantic City, in this state, a vertical engine, with fittings, for the price of $690, to be paid by a note at three months from the date of the contract, secured by a chattel mortgage upon the machinery of the company in its shops, and also to deliver a smokestack, to be paid for in cash. When the contract was made the company delivered its note according to the terms of the agreement, and its president stated to the

vendors that the chattel mortgage would be executed on the following Monday when a meeting of the directors would be held, at which time he desired a delivery of the chattels so that the engine might then be set up. On the following Saturday, two days after the contract was made, the chattels were shipped by rail to Atlantic City and there received by the purchaser, but the chattel mortgage was never executed. By divers excuses its non-execution was delayed from time to time for upwards of a month when the company became insolvent and a receiver was appointed for it, who afterwards, in May, 1889, sold and delivered the chattels in question, with other property, to the plaintiffs in error. It does not appear either that the chattels were demanded from the receiver, or that he was informed of the claim to them, or that other effort was made to take them from his possession or prevent his sale of them as assets of the insolvent company. After the chattels were sold and delivered to the plaintiffs by the receiver, the defendant instituted an action of replevin to recover possession of them. At the trial the facts above stated being proved, the Circuit judge refused to non-suit the plaintiffs. It is upon such refusal that error is assigned.

There can be no question under the contract as it was entered into through the correspondence between the parties, that the delivery of the chattels sold and the payment for them in the manner specified were intended to be concurrent conditions. The subsequent parol understanding appears to have been rather an arrangement of the details of the execution of the agreement than a modification of it. The agreement did not contemplate an absolute sale without condition; it considered that the vendee would act honestly and presently furnish the mortgage, which was the condition of the sale. The delivery did not make the sale absolute (2 *Kent Com.* 497 ; *Smith* v. *Dennie*, 6 *Pick.* 262 ; *Smith* v. *Lynes*, 5 *N. Y.* 41 ; *Fallow* v. *Ellis*, 15 *Gray* 229 ; *Parker* v. *Baxter*, 86 *N. Y.* 586), but as the *indicia* of title raised a presumption that it was absolute (2 *Schoul. Per. Prop.*, § 304 ; *Smith* v *Lynes*, *supra ; Parker* v. *Baxter, supra ; Fallow* v. *Ellis, supra ;*

*Whitney* v. *Eaton,* 15 *Gray* 225; *Scudder* v. *Bradley,* 106 *Mass.* 427), and when the mortgage was not forthcoming, it became the duty of the vendors to pursue their right to re-cover possesion of the chattels with all the reasonable diligence that the circumstances surrounding them would permit, fol-lowing the buyer at once and without suffering their vigilance to abate. Failure to thus pursue their right, while others bought their chattels as the property of the corporation which they had clothed with apparent title, constituted a waiver of the concurrent condition that they should have the mortgage and of any right they had to retake the property in the hands of an innocent third person. It was their duty at the trial, situated as they were, not only to show that the condition entered into the contract, but also that they pursued their right to retake the property with all possible vigilance. In fact, they made no attempt to excuse their failure to claim the chattels replevied from the receiver of the Vangazelle Valve Manufacturing Company. Their proofs, on the contrary, made it appear that for fully a month, and until third parties had apparently in good faith purchased from him, they ac-quiesced in his possession of those chattels as the property of the insolvent corporation. Their proofs disclosed his posses-sion and their apparent acquiescence in it, making evidence of waiver against them, which they did not even attempt to rebut. The motion to non-suit should have been granted.

Let the judgment below be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, MAGIE, REED, VAN SYCKEL, BROWN, CLEMENT, SMITH. 9.