(5 App. Div. 475.)

### A. F. ENGELHARDT CO. v. KAUFMAN et al.

(Supreme Court, Appellate Division, Second Department.   May 8, 1896.)

1. LIEN—ON PERSONALTY—REMOVAL OF FIXTURES.
   The taking down of fixtures, removing them, and re-erecting them in another store, under a contract, does not entitle the contractor to a lien thereon.
2. SALE—VENDOR'S LIEN—DELIVERY.
   A complaint for the enforcement of a vendor's lien on personalty, "for the balance of the purchase price of such of said merchandise as was sold and delivered," does not state a cause of action, no right to a lien remaining to the seller after delivery.

Appeal from special term, Kings county.

Action by the A. F. Engelhardt Company against Louis Kaufman and Simon Frank, impleaded with others. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Howard A. Sperry, for appellant.
Frederick E. Anderson, for respondents.

BARTLETT, J.   This is an action to foreclose a lien which the plaintiff claims to have, as vendor, upon certain personal property sold to a firm in which the defendant Kaufman was a partner, and also a lien on certain fixtures which the plaintiff's assignor contracted with said firm to take down in one store, remove, and re-erect in another. The record shows that the complaint was dismissed upon the opening of plaintiff's counsel, on the ground that it did not state facts sufficient to constitute a cause of action. In opposition to the motion to dismiss, the plaintiff read in evidence the contract referred to in the complaint, and the only question before us is whether the facts set out in the complaint, as aided by that contract, are such as to entitle plaintiff to any relief.

The complaint alleges that the plaintiff is a domestic corporation, to which the cause of action therein set forth has been assigned; that in August, 1895, one May E. Engelhardt, doing business as A. F. Engelhardt Company, entered into a contract with the defendants Benjamin Benjamin and Louis Kaufman, constituting the firm of Benjamin & Kaufman, whereby it was agreed that said defendants should pay $740 for taking down their fixtures in one store, and removing and putting them up in another; that said Engelhardt contracted with said firm to supply glass counters and cases combined, at an agreed price of $473, and one outside show case, of the value of $144, and, in addition thereto, contracted to do certain work, labor, and services, and furnish certain materials, at the reasonable value of $202.44; that, "under and in pursuance of the various contracts hereinbefore enumerated, the said Engelhardt Company proceeded to and was engaged in discharging the obligations which they had thereby assumed," when their workmen were ejected from the premises of Benjamin & Kaufman by the sheriff of Kings county, under and by virtue of an execution issued to him by a judgment

creditor of the firm; and that said sheriff then excluded, and ever since has excluded, the said Engelhardt Company, its agents, serv-ants, and assigns, from completing the contract; and that Benjamin & Kaufman have paid to the said Engelhardt Company $500 on account of said contracts, leaving a balance of $915.44 due and owing, for which "plaintiff claims a lien for the balance of the purchase price of such of said merchandise as 'was sold and delivered by said company, and as and for work, labor, and service as a mechanic upon such of said merchandise as was the property of the defendants Benjamin & Kaufman" at the time of the contract mentioned in the complaint. Simon Frank, Oscar Goerke, and Rudolph Goerke, Jr., are made defendants, as subsequent lienors only.

It does not seem to us that the plaintiff has alleged enough to make out any cause of action whatever. Let us consider the case, first, as a suit to foreclose a lien upon a chattel. Code Civ. Proc. §§ 1737–1741. Such a lien could not arise in favor of the plaintiff's assignor in respect to personal property in the store of the defendants' firm, merely because the plaintiff's assignor had done work in taking down and removing that property, and putting it in place again. As to these fixtures which were never in the possession of the plaintiff's assignor at all, we know of no theory upon which a lien can be claimed. As the vendor, however, of such property as she agreed to sell to the defendants, she had a lien for the purchase price as long as the property remained actually or constructively in her possession, or had not been unconditionally delivered to the buyers. Still, she would have no cause of action against the purchasers to enforce her vendor's lien, until she had tendered the property to them, or done something else to manifest her desire that they complete the purchase, and they had failed or neglected to keep their part of the contract in reference to making payment. Now, nowhere in this complaint is there any allegation that the plaintiff's assignor ever furnished, or offered to furnish, to the defendants, the glass counters and cases, the outside show case, and the other materials covered by the contract, unless such an allegation is to be found in the ninth paragraph, where the plaintiff alleges that it "claims a lien for the balance of the purchase price of such of said merchandise as was sold and delivered." But, if this is intended as an averment that the personal property embraced in the contract of sale was actually delivered to the purchasers before the suit was begun, it is equally fatal to the plaintiff's case. A vendor's lien is lost by an unconditional delivery to the purchaser of the goods which are the subject of the sale. A "lien" has been defined to be "a right to retain and possess a thing until some charge upon it is paid and removed." 2 Story, Eq. Jur. 1216.

The character of such a lien in favor of one who sells personal property is well stated by the supreme judicial court of Massachusetts:

"By the principles of the common law, a vendor of goods has a lien upon them so long as they remain in his possession, and the vendee neglects to pay the price according to the conditions of sale. And if payment is, by agreement, postponed to a further day, and the vendee becomes insolvent, while the

goods are yet in the hands of the vendor or of a carrier or middleman employed to convey them to the vendee, the vendor may retain them, or stop them in transitu, until the price is paid." Parks v. Hall, 12 Pick. 206, 211.

As the lien is divested by an absolute and perfect delivery, a construction of the complaint which makes the recital in the ninth paragraph equivalent to an allegation of delivery does not help the plaintiff in the least. There is nothing in the complaint to indicate that the sale of the materials which the plaintiff's assignor was to supply to the defendants was conditional. Indeed, the contract indicates the contrary. But, even if there was, the rule of law applicable to conditional sales is that a delivery of the goods sold to the vendee, without insisting upon the performance of the condition, operates as a waiver thereof. "Where goods sold, to be paid for in cash or notes on delivery, are delivered to the purchaser without the cash or notes being given or demanded at the time, the presumption is that the condition is waived, and that a complete title vests in the purchaser." Parker v. Baxter, 86 N. Y. 586. The plaintiff claims a lien for the balance of the purchase price of such merchandise as was "sold and delivered" by its assignor to the defendants; and no fact is stated or suggested from which it can be inferred that the delivery was not complete and absolute, and without the reservation of any property right in the material delivered.

The appellant insists, quite correctly, that, even if the court cannot afford the plaintiff the equitable relief prayed for, nevertheless the complaint should not have been dismissed if the facts set out therein warrant a recovery of damages, as in an action at law. We have therefore considered the complaint in that aspect, but find it equally insufficient. As already shown, there is no allegation of a delivery or tender of the property sold, and the complaint is similarly defective in regard to the doing of the work. It fails to state that the plaintiff's assignor actually did any work. The statement that the "said Engelhardt Company proceeded to and was engaged in discharging the obligations" which were assumed under the contract does not show that anything really had been done, or what or how much. It is by no means the equivalent of an averment that the plaintiff's assignor had performed all the conditions of the contract on her part.

The judgment appealed from should be affirmed, with costs. All concur.