BURNS BROS. v. BIGELOW.

(Supreme Court, Appellate Term.   April 8, 1910.)

1. SALES (§ 32*)—CONTRACTS—CORRESPONDENCE.

Where a solicitor of a dealer in coal booked an order for coal on an unusual credit, without stating that the order would be submitted to the dealer, a letter of the dealer to the customer, received and retained without objection, which recited the understanding between the customer and the solicitor, and which stated that the dealer had entered the order for delivery at a specified time, with the understanding that when it was delivered it should be paid for, constituted the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 59; Dec. Dig. § 32.*]

2. SALES (§ 218½*) — RECOVERY OF GOODS DELIVERED — EVIDENCE — SUFFICIENCY.

In replevin by a seller of coal sold and delivered, evidence *held* to show that the sale of the coal was on condition that it should be paid for on delivery, and that it was not paid for on delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 586, 587; Dec. Dig. § 218½.*]

3. SALES (§ 218½*)—PAYMENT—PRESUMPTIONS.

Where goods to be paid for in cash on delivery are delivered to the buyer without the cash being given or demanded at the time, the presumption is that the condition is waived and that a complete title vests in the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 586, 587; Dec. Dig. § 218½.*]

4. SALES (§ 218½*)—PAYMENT—PRESUMPTIONS.

The presumption that, where goods sold for cash are delivered without the cash being given or demanded, the condition is waived and a complete title vests in the buyer, may be rebutted by proof of the declaration or acts of the parties showing an intent that the delivery should not be considered complete until payment, and where the testimony is undisputed that payment of cash is not waived the delivery is conditional only.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 586, 587; Dec. Dig. § 218½.*]

5. SALES (§ 202*)—PAYMENT—PRESUMPTIONS.

Coal sold for cash was delivered, and a bill was presented at the same time. An attempt to demand payment was made at the completion of the delivery and a further demand for the money or the goods was made thereafter. The bill presented by the driver was not indorsed with the words "Received payment," as was customary where he should receive payment. *Held*, that the seller did not intend to make an absolute delivery, and could recover the coal on the nonpayment of the price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 545; Dec. Dig. § 202.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Burns Bros. against Lida Bigelow.   From a judgment of the Municipal Court for defendant, plaintiffs appeal.   Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Hillquit & Hillquit, for appellants.
Thomas A. McCole, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J.   The plaintiffs have replevined coal, which they sold and delivered to defendant, and which defendant has not paid for. The sole questions in the case are whether the sale of the coal was upon the condition that the bill should be paid upon delivery, and whether the delivery without payment waived this condition and vested title in the defendant.

While the defendant claims that the sale to her was upon credit, it 'seems to me that the plaintiffs have established beyond any question that this is not true.   The defendant says that the order for the coal was given to the plaintiffs' solicitor, who called upon her without request from her; that at that time she had a credit account with the plaintiffs, and owed them a balance of $22.50, which the solicitor asked her to pay, and which she told him she would pay when she got ready. She then testified that he took her order, and agreed to deliver the coal some time during the summer, and that later he called again and said they would rather wait until the fall, and, when she complained that the price of $6.50 was not fair, he said he would see about it, and call her up, and let her know if they would let her have it for $6, and they did call her up, and said they would rather put it in at $6. She testified positively that she was never called up on the phone and told that she should pay cash for the coal, and that she had no conversation on the subject with any person, and that the first time she knew anything about such a demand was when a man came, the day after the coal was delivered, and said if it was not paid for they would take it out.

The plaintiffs' solicitor, on the other hand, testified: That he called on defendant at her request on June 15th, and that she told him she wanted to order her coal at the prevailing June price, and that he said:

"All right; I will take your order, and I will submit it; and if they accept it, of course, we will take the order."

That he called on her a day or two later, and told her the firm did not want to put the coal in unless she paid for it.   After some conversation he said he would go back again and see what he could do. That he then spoke to Mr. Burns, the president of plaintiff's corporation, and then telephoned her that he could not give her the coal in the spring and wait until the fall for the money; but that he would put it in in the fall, about September 15th, at the spring price, and that she should pay for it then.   He claims that she then asked him to put it in writing, to which he agreed, and that Mr. Burns then wrote her a letter, which was put in evidence without objection.   This letter was produced by the defendant, and therefore contradicts her testimony that she knew nothing of any claim that she would pay cash, and completely corroborates the plaintiff in regard to the whole transaction, stating:

"In view of the understanding between our Mr. Pinetti and yourself regarding the financial situation, we have entered this order to be delivered some time between now and September 15, 1909, at that same price, i. e., $6.00 per ton, with the understanding that when you take the coal you are to pay cash for it."

It seems to me that under all the circumstances of the case the contract was not complete until the giving of this letter. Even if the solicitor booked the order without stating that it was to be submitted to the firm, he could not be presumed to have authority to make a contract for an unusual credit, and the letter constitutes the contract. In any event, however, it so completely contradicts the defendant as to the whole transaction, and especially as to her lack of knowledge that the delivery was intended to be for cash, and explanation of why the coal was sold to her for $6, instead of $6.50, that any finding that the goods were sold on credit would be completely against the weight of evidence.

The more serious question in the case, however, is whether, upon the delivery of the coal, the condition of payment was waived. There is no contradiction of the testimony as to the circumstances of the delivery. The plaintiff's driver says that before delivering the last load of the order he presented the bill, and a ticket for the coal, saying, "Here is the bill for $118;" that he then completed the delivery, and waited for 15 minutes, but defendant did not come down again, and the gate was locked. He rang the bell, and a boy came to the door, and said Mrs. Bigelow was upstairs, and he then told the boy he had presented the bill and did not get the money. After that he drove off and reported to the office. The plaintiff's bill collector said he called a few days after the delivery, and asked to see Mrs. Bigelow. He heard a woman's voice say that Mrs. Bigelow was out, and would not be back till 6 o'clock, and he told the boy who opened the door that if they did not get the money they would be compelled to take out the coal.

Under these circumstances I think the court erred in finding that the condition was waived by the delivery. It is quite true that, where goods to be paid for in cash upon delivery are delivered to the purchaser without the cash being given or demanded at the time, the presumption is that the condition is waived and that a complete title vests in the purchaser; but this presumption may be rebutted by proof of such declarations or acts of the parties connected with the circumstances of the case as show an intention that the delivery should not be considered complete until the performance of the condition, and the question with what intention the delivery is made, where any doubt arises, is one of fact. It is also true, however, that where the testimony of such declarations and acts is undisputed, and, connected with the surrounding circumstances, allows the inference only that the condition was not waived, this testimony is controlling, and requires the trial justice to find that the delivery was conditional, and renders his finding to the contrary erroneous as a matter of law. Parker v. Baxter, 86 N. Y. 586, at pages 593, 594.

In this case the sale was for cash; the coal was delivered, and the bill presented at the same time; an attempt to demand payment was made at the completion of the delivery, and a further demand for the money or the goods was made thereafter. In spite of the fact that the bill presented was not indorsed with the words "Received payment," as is customary where the driver is to receive the payment, it is im-

possible to find from the circumstances any basis for the inference that the plaintiff intended an absolute delivery. Leven v. Smith, 1 Denio, 571, cited in Empire State Type Founding Co. v. Grant, 114 N. Y. 40, at page 44, 21 N. E. 40; Fleeman v. McKean, 25 Barb. 474.

Judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.