L. C. Smith & Bros. Typewriter Co. v. Luebkeman, 147 Wis. 317.

L. C. Smith & Bros. Typewriter Company, Appellant, vs. Luebkeman, Respondent.

*October 27—November 14, 1911.*

*Sales: Default in cash payment: Vendor's right to reclaim goods: Waiver.*

1. Upon failure of the purchaser to make an agreed cash payment the vendor's right to retake the goods sold must be asserted without unnecessary delay or will be deemed to have been waived.
2. By a delay of forty-five days after receiving notice of the non-payment of a check given for an agreed cash payment on a typewriter, before taking any steps to reclaim the property, the vendor waived the condition as to the cash payment and permitted the delivery to become absolute.

Appeal from a judgment of the circuit court for Eau Claire county: A. J. Vinje, Judge. *Affirmed.*

*Fred Arnold,* for the appellant.

For the respondent there was a brief by *Sturdevant & Farr,* and oral argument by *L. M. Sturdevant.*

Kerwin, J. This action was brought to recover possession of a typewriter. Judgment was entered for the defendant and the plaintiff appealed.

On April 13, 1909, a typewriter salesman of the appellant obtained a written order from the Germania Mining Company for a typewriter at the price of $100, $50 cash and $50 on or before sixty days. The order and a $50 check made by the mining company on a Spokane, Washington, bank were immediately forwarded to the plaintiff at St. Paul, Minnesota. The order provided that the typewriter be shipped from St. Paul to the Germania Mining Company at Eau Claire, Wisconsin. The typewriter was shipped and the check delivered to plaintiff. Shortly afterwards the mining company ceased doing business at Eau Claire, but left the

typewriter at its place of business there. Later the Eau Claire Gas Light Company, landlord of the mining company, levied by execution on the property of the mining company, including the typewriter.

The sheriff after levy left the typewriter in possession of respondent. On June 18, 1909, appellant brought replevin to recover possession of the typewriter on the claim that the $50 check had not been paid and hence the title to the typewriter had not passed to the mining company. Within a day or two after receipt of the $50 check the check was indorsed and put through the American National Bank of St. Paul, Minnesota. On April 23, 1909, the Hamilton National Bank of Chicago indorsed the check. On April 27, 1909, the Spokane Clearing House indorsed it, and on the same day the check was protested for nonpayment and the mining company notified.

The question was litigated on the trial as to who had possession of the typewriter, the gas light company or the respondent, and the court below obviously regarded that as the only disputed question of fact in the case, since that was the only question submitted to the jury.

The jury found that the sheriff who held the typewriter on execution left it in the possession of the respondent. The possession of the respondent was therefore lawful if the title to the property had passed to the mining company.

To say nothing of the length of time which elapsed after the delivery of the check until it was presented at the Spokane bank, a period of about fourteen days, when in the regular course of mail it would have reached such bank upon which it was drawn in about three days, nothing was done to regain possession of the typewriter from the time the plaintiff had notice of nonpayment of the check, May 4, 1909, until June 18th, following, a period of forty-five days.

Conceding that the sale was on terms of $50 cash and $50 time, it was the duty of the appellant upon receipt of the

L. C. Smith & Bros. Typewriter Co. y. Luebkeman, 147 Wis. 317.

check, delivery of the typewriter, and nonpayment of the check to act promptly in reclaiming its property, else the leaving of the property in possession of the vendee for an unreasonable time would amount to an absolute delivery and waiver of simultaneous payment. *Goldsmith v. Bryant,* 26 Wis. 34.

The assertion of the right to reclaim on failure to make a cash payment must follow without unnecessary delay upon the purchaser's default. The seller is at once put to his election, upon default in payment, whether he will waive the condition as to payment and allow the delivery to become absolute or retake the property. *Frech v. Lewis,* 218 Pa. St. 141, 67 Atl. 45; *Leatherbury v. Connor,* 54 N. J. Law, 172, 23 Atl. 684; *Wigton v. Bowley,* 130 Mass. 252; *Crawford v. Spraggins,* 109 Ala. 353, 19 South. 372; *Parker v. Baxter,* 86 N. Y. 586.

Upon the undisputed evidence in this case we see no escape from the conclusion that the title passed because the appellant waived its right to the cash payment and also failed to seasonably reclaim the typewriter.

Some other points are raised by appellant, which we have considered and do not regard well made, and we do not regard them of sufficient gravity to require special treatment.

We find no prejudicial error in the record and therefore the judgment must be affirmed.

*By the Court.*—The judgment is affirmed.

VINJE, J., took no part.