NETHERLANDS CORPORATION FOR OVERSEA TRADE, INC., Plaintiff, *v.* LEVANT AMERICAN COMMERCIAL CO., INC., Defendant.

Supreme Court, New York County, February 5, 1925.

Sales — action for conversion of shipment of sugar — sugar delivered at plaintiff's direction to carrier for account of defendant's vendor under terms of contract of sale — delivery complete on receipt of goods by carrier — defendant as innocent purchaser for value not liable for plaintiff's loss — defendant obtained good title under dock receipt under Personal Property Law, § 226, subd. d, though dock receipt was in plaintiff's possession.

The defendant in an action for the conversion of sugar had title thereto at the time of the alleged conversion, where it appears that the plaintiff, who purchased the sugar from a refining company, sold the shipment to another firm upon a

contract reciting, " delivery complete on receipt of goods by the carrier; " that that firm in turn sold the cargo to defendant's vendor; that plaintiff directed its vendor to deliver the sugar to a carrier for account of defendant's vendor, which was done; that thereafter defendant's vendor sold the sugar to the defendant, who received it from the carrier on its vendor's direction; that after the sugar came into defendant's possession, plaintiff's vendee defaulted in payment for the sugar and the dock receipt covering the shipment was returned to the plaintiff; and that the defendant was a purchaser in good faith and for value.

The title to the sugar passed to defendant when it received the shipment as an innocent purchaser for value and it is not liable to the plaintiff, since the loss, for which one of two innocent parties must suffer, was occasioned directly by plaintiff's instructions given to the carrier.

The dock receipt, treated as a bill of lading under section 156 of the Personal Property Law, was one calling for delivery to the buyer, who, in this instance, became a purchaser for value in good faith and obtained a good title within the provisions of subdivision d of section 226 of the Personal Property Law.

ACTION for conversion.

*Murray Bein,* for the plaintiff.

*Branch P. Kerfoot,* for the defendant.

PROSKAUER, J.:

Plaintiff contracted to buy sugar from the Federal Sugar Refining Company. Thereafter it made a contract with Cayrasso & Co. to sell the identical sugar. The contract provided " Payment — Net cash payable on presentation of shipping documents." Under the heading " Conditions governing this purchase," it also provided, " Delivery complete on receipt of goods by the carrier." Cayrasso in turn resold the sugar on an identical form of contract to Cosmos Commerce Corporation. Pursuant to instructions given by Cosmos Commerce Corporation to Cayrasso and in turn back through the intermediate vendors, the Federal Sugar Refining Company was instructed to and did deliver this sugar to the Imperial Navigation Company for account of Cosmos Commerce Corporation. A dock receipt was issued therefor reading " for account of Cosmos Commerce Corporation." Plaintiff paid the Federal Sugar Refining Company for the sugar and received this dock receipt indorsed by the Federal Company. It presented the dock receipt, indorsed by it, to Cayrasso & Co., received a check in payment, which Cayrasso expected to make good by payment to it from its vendee, the Cosmos Commerce Corporation. That vendee defaulted, Cayrasso's check was refused certification and on the same day, upon demand, he returned the dock receipt to the plaintiff and took back his check. Meanwhile the Cosmos Commerce Corporation had resold 1,102 bags of the sugar to the defendant and received payment therefor and upon their instruction on July third the 1,102 bags

for which the defendant had paid were physically delivered to it. This was three days before the delivery of the dock receipt to Cayrasso. Plaintiff sues for conversion of these 1,102 bags.

The provision in the various contracts " Payment — Net cash payable on presentation of shipping documents " governed payment, not passage of title. The contract recited as a condition that delivery was complete on receipt of the goods by the carrier. Title passed on delivery. Plaintiff cannot succeed, therefore, by virtue of the contract itself, particularly as the physical possession of the goods was delivered to defendant, an innocent purchaser for value. It claims, however, that possession of the dock receipt gave it title.

The dock receipt is not in legal effect a negotiable bill of lading. There are old authorities in New York suggesting that the court will take judicial notice of the fact that in the port of New York there is a custom of issuing the bill of lading only to the holder of the dock receipt. (*Parker* v. *Baxter*, 86 N. Y. 586, 592; *City Bank* v. *Rome, Watertown & Ogdensburgh R. R. Co.*, 44 id. 136, 139; *Jones* v. *Bradner*, 10 Barb. 193.) But each case rests finally upon other circumstances and they long antedate contemporary conditions and legislation.

In point of fact the sugar was delivered to the steamship company by plaintiff's direction " for account of the Cosmos Commerce Corporation." It was by reason of this direction that the steamship company delivered it to the defendant upon the direction of the Cosmos Commerce Corporation and this loss, for which one of two innocent parties must suffer, was directly occasioned by this instruction given by plaintiff to the carrier.

Even if the dock receipt were treated as a bill of lading, under Personal Property Law (§ 156), it was a bill of lading calling for delivery to the buyer. The situation is analogous to the one, therefore, described in section 226 (subd. d) to the effect that where a straight bill of lading provides that goods are deliverable to the buyer, " one who purchases in good faith, for value, the bill or goods from the buyer, shall obtain the title to the goods, although the draft has not been honored, if such purchaser has received delivery of the bill indorsed by the consignee named therein, or of the goods, without notice of the facts making the transfer wrongful." The principle underlying this provision is that where the carrier has been instructed to place the goods at the buyer's disposal, issues a bill of lading running to the buyer and delivers them in accordance with the buyer's instructions, the purchaser for value in good faith from such buyer obtains good title. (1 Williston Sales [2d ed.], § 292.)

Verdict for defendant.