CUMBERLAND COUNTY CIRCUIT COURT.

SEARS ROEBUCK & COMPANY, A CORPORATION, PLAINTIFF, v. RALPH L. HARRIS AND CATHERINE B. HARRIS, DEFENDANTS.

Decided February 21, 1944.

For the plaintiff, *Francis J. Smith.*

For the defendant, *Henry O. Burt.*

BURLING, C. C. J.  Motion has been made to strike the answer in the above entitled cause of action upon the following grounds:

Because the said answer and defenses are frivolous and do not set forth good and sufficient defenses to an action in replevin;

Further to strike out the counter-claim filed by the defendant, which was incorporated as to form in the second defense of the answer.

Upon the argument of the motion the defendants consented to the granting of a motion to strike out the counter-claim.

The remaining issue raised is a narrow one, namely that the sale of a certain Everready water pump by the plaintiff to the defendant was for cash, payment for which the defendants gave a check for the defendant, Catherine B. Harris, payable to the plaintiff for the entire purchase price of the water pump. That thereupon payment by the defendants of this check was stopped by them. That title did not pass to the defendant.

The motion is to strike the answer and the first separate defense because they are frivolous. No attempt has been made to strike the denials of the answer as being sham. However, although the defendants have denied paragraph 1 of the complaint, excepting that they admit the defendant Catherine B. Harris did purchase the pump mentioned therein for the price therein stated, they have admitted paragraph two of the complaint, excepting the allegation of title of the plaintiff. The admissions in paragraph two of the answer are inconsistent with the denials of paragraph one of the answer so that the allegations respecting the non-payment of the check may be taken as true for disposition of this motion.

The first separate defense thereby raised a matter of law. In the application of the aforesaid law to the admitted facts the motion should be granted, and the answer is frivolous.

The Uniform Sale of Goods Law, section 48 of *R. S.* 46:30; *N. J. S. A.* 46:30, provides as follows:

"46:30–48. Delivery and payment concurrent conditions. Unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions, that is to say, the seller must be ready and willing to give possession of the goods to the buyer in exchange for the price and the buyer

must be ready and willing to pay the price in exchange for possession of the goods."

The generally accepted rule is that the acceptance of the check does not imply an extension of credit or preclude the exercise of the right of reclamation in the case of its non-payment upon timely presentation. *Morehouse* v. *Keyport Auto Sales Co., Inc.* (*Court of Chancery*, 1935), 118 *N. J. Eq.* 368 (at *p.* 370) ; 179 *Atl. Rep.* 279, and in said case (at *p.* 371) ; 179 *Atl. Rep.* (at *p.* 279), it was stated:

"By analogy, delivery is no delivery (at least for the purpose of passing title) unless the check is paid. Pending payment the delivery is conditional only. It was definitely held in *National Bank of Commerce* v. *Chicago, B. and N. R. Co., supra* [44 *Minn.* 224; 46 *N. W. Rep.* 342], that the delivery of a check is not payment, but is only so when the money is received on it; and that there is no presumption that a creditor takes a check in absolute payment arising from the mere fact that he accepts it from the debtor.

"Under such circumstances, if the check is presented for payment promptly and is not paid, the rights of third parties not intervening, the vendor, acting with due diligence, may retake the goods for title has never passed from him. *Hirsch* v. *Leatherbee Lumber Co., supra* [69 *N. J. L.* 509; 55 *Atl. Rep.* 645] ; *Leatherbury v. Connor, supra* [54 *N. J. L.* 172; 23 *Atl. Rep.* 684] ; *Frech* v. *Lewis,* 218 *Pa.* 141: 31 *A. L. R.* 586, citing *In re Perpall,* 256 *Fed. Rep.* 758. It was, of course, competent for the parties to make any agreement they saw fit as to when the absolute title to the car should pass. But in the absence of anything to indicate to the contrary, the transaction between them must be taken to have been the ordinary one of the sale of a specific chattel for cash, delivery being made in the expectation of immediate payment. *Peoples State Bank of Michigan Valley* v. *Brown; supra* [80 *Kan.* 520; 103 *Pac. Rep.* 102]."

The second separate defense has been disposed of by the action of the defendants in their treatment of the same as a counter-claim which they have abandoned.

In the answer filed in this matter, the defendants made the following reservations:

"The plaintiff is hereby notified the defendants reserve the right to, and at the time of trial will move to strike out the complaint because it discloses no cause of action in replevin," pursuant to rule 40 of the Supreme Court, *N. J. S. A., tit.* 2, and brought the matter on for disposition before trial simultaneously with the motion of the plaintiff above referred to. Defendants moved to strike out the complaint filed in this cause upon the following grounds: "as frivolous, because the complaint alleges the water pump mentioned in the complaint and the property sought to be replevined, was sold and delivered to defendants, and at the same time alleges because defendants failed to make payment of the purchase price title remains in the plaintiff."

This motion to strike the complaint is in the nature of a general demurrer. The reasons which are applicable to the granting of the motion to strike the first separate defense of the answer are applicable to this motion, and it is accordingly denied.

An appropriate rule may be presented.