JOSEPH J. SCHMIDT, Respondent, *v.* THOMAS SIMPSON, Appellant.

Pawnbrokers — Factors' Act — when principal cannot recover goods pawned by an agent — erroneous direction of verdict for plaintiff without submitting to jury question whether agent was guilty of larceny in pawning goods.

Plaintiff delivered certain articles of jewelry to a broker, to sell the same for her account at specified prices less certain commissions. The defendant, a duly licensed pawnbroker, ignorant of the fact that the jewelry was not owned by the broker or that he was employed to sell the same for plaintiff, and acting in good faith, loaned a substantial sum to said broker on the pledge of the jewelry. In an action for the possession of the jewelry, or in case possession could not be had for its value, plaintiff attempted to prove that the broker was guilty of larceny in pawning the jewelry and, consequently, that the defendant got no title thereto or lien thereon. The trial court, under defendant's objection, refused plaintiff's request to submit that question to the jury, holding that it was immaterial whether the broker got possession of the jewelry by legal or illegal means. Both parties moved that a verdict be directed and the court directed a verdict for plaintiff upon the ground that there was such a limitation on the authority of the broker as to take the case out of the Factors' Act, or the general rule that a man would be estopped by giving the possession, coupled with the *indicia* of ownership, to the person who pawned the goods. *Held*, error; that upon the facts submitted, the fact that the jewelry had been intrusted to the broker was sufficient to bring the action within the Factors' Act, under the authority of *Freudenheim* v. *Gütter* (201 N. Y. 94), and operated as a protection to the pawnbroker if he had acted in good faith; and *held*, also that the question whether the broker was guilty of larceny should have been submitted to the jury.

*Schmidt* v. *Simpson*, 139 App. Div. 509, reversed.

(Argued January 26, 1912; decided February 13, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 27, 1910, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Blandy* and *Frederick A. Card* for appellant. Mrs. Kufeke, the plaintiff's assignor, having intrusted the possession of the gems in question to Weber for sale, he became her agent or factor for the purpose of such sale, and the defendant acquired a valid lien under the Factors' Act for the money advanced by him in good faith upon the strength of such possession. The case bears no analogy to those cases so frequently before the courts where the true owner has been deprived of his property by larceny. (Fowler's Personal Property Law [2d ed.], 221, § 43; Snyder's N. Y. Lien Law [5th ed.], 381; *Freudenheim* v. *Gütter*, 201 N. Y. 94.) The property was not obtained by Weber by a common-law larceny. (*Zink* v. *People*, 77 N. Y. 114; *Thorne* v. *Turck*, 94 N. Y. 90; *People* v. *Miller*, 169 N. Y. 339; *People* v. *Laurence*, 137 N. Y. 517; *People* v. *Morse*, 99 N. Y. 662; *Loomis* v. *People*, 67 N. Y. 322; *People* v. *Sumner*, 33 App. Div. 338.) Weber was intrusted with the property for the purpose of sale within the meaning of the Factors' Act. (*N. Y. S. & T. Co.* v. *Lipman*, 157 N. Y. 551; *Sarjeant* v. *Blunt*, 16 Johns. 73; *Laverty* v. *Snethen*, 68 N. Y. 522; *I. & G. T. Co.* v. *Tod*, 170 N. Y. 233; *M. T. Co.* v. *Mather*, 181 N. Y. 205; *Frankinstein* v. *Thomas*, 4 Daly, 256; *Booth* v. *Pierce*, 38 N. Y. 463; *Dows* v. *Greene*, 24 N. Y. 638; *Fitzgerald* v. *Fuller*, 19 Hun, 180; *Cole* v. *Mann*, 62 N. Y. 1; *Dows* v. *Kidder*, 84 N. Y. 121.) The Factors' Act protects appellant and entitles him to retain the property until the money loaned thereon is paid. (*Freudenheim* v. *Gütter*, 201 N. Y. 94; *Cartwright* v. *Wilmerding*, 24 N. Y. 521; *N. Y. S. & T. Co.* v. *Lipman*, 157 N. Y. 551.)

*John R. Dos Passos, Louis S. Posner* and *Cyril F. Dos Passos* for respondent. The evidence indisputably

shows that Weber obtained the property by common-law larceny and hence could confer upon the defendant no rights in said property. (*Soltau* v. *Gerdau,* 119 N. Y. 380; *Schmidt* v. *Simpson,* 139 App. Div. 509; *People* v. *Miller,* 169 N. Y. 339; *Kinsey* v. *Leggett,* 71 N. Y. 387; *Hentz* v. *Miller,* 94 N. Y. 64; *Bassett* v. *Spofford,* 45 N. Y. 387; *People* v. *Morse,* 99 N. Y. 662; *Loomis* v. *People,* 67 N. Y. 322; *Covill* v. *Hill,* 4 Den. 323.) . One in possession of personal property whose sole authority is to sell at a specified price, and, if unable to obtain that price, to refer offers to his principal, is a special agent; a pledge of the property is beyond the scope of his authority and can confer no interest in the pledgee who advances money on the faith of the mere possession. (*Beals* v. *Allen,* 18 Johns. 363; *Thatcher* v. *Moore,* 134 Mass. 156; *Soltau* v. *Gerdau,* 119 N. Y. 380; *McNeil* v. *Tenth Nat. Bank,* 46 N. Y. 375; *Smith* v. *Clews,* 114 N. Y. 190; *Frantz & Co.* v. *Wind Hill,* 124 La. Ann. 461; *Martin* v. *Farnsworth,* 49 N. Y. 588.) The history of the Pawnbrokers' and the Factors' Acts establishes the intention of the legislature to differentiate pawnbroking from other classes of business and by prescribing its powers, safeguards and remedies to exclude it from the additional protection of the Factors' Act. (*Pegram* v. *Carson,* 10 Bosw. 505; *Smith* v. *Clews,* 105 N. Y. 283; *McNeil* v. *Tenth Nat. Bank,* 46 N. Y. 325; *F. Nat. Bank* v. *Shaw,* 61 N. Y. 298; *L. S. & M. S. Ry. Co.* v. *Roach,* 80 N. Y. 344; *Crane* v. *Reeder,* 22 Mich. 322.)

HAIGHT, J. This action was brought by the plaintiff, as the assignee of Mrs. L. L. Kufeke of Liverpool, England, to recover the possession of twelve articles of jewelry or in case possession could not be had for their value.

Upon the trial the following facts were stipulated by the attorneys for the parties in the action:

"*First.*— That upon the 14th day of August, 1908,

Mrs. L. L. Kufeke delivered to one Charles A. Weber the articles of jewelry enumerated in Schedule A annexed to the complaint, as her broker, to sell the same for her account at the prices stated in said Schedule A, less 10%, and less his commissions of five per cent.

" *Second.*— That on the 15th day of August, 1908, said Weber pawned the same with the defendant (except the one article expressly excepted from the list, as it appears by the complaint), who for a number of years had been a duly licensed pawn-broker, carrying on business at 113 West 42d Street, New York City, who loaned and advanced thereon the sum of forty-five hundred dollars as such pawn-broker, issuing the usual pawn ticket, number 14845.

" *Third.*— That at the time the defendant advanced the said money he was wholly ignorant of the fact that the said goods were not owned by the said Weber or that said Weber was employed by Mrs. Kufeke to sell at the prices named in said Schedule A or that he was employed by her to sell the same and that defendant acted in good faith as a pawn-broker and made such advances on the security of the pledge of the said jewelry.

" *Fourth.*— For the purposes of the trial it is admitted that the jewelry is worth and was worth eight thousand dollars.

"*Fifth.*— No question of identity of the goods left by Mrs. Kufeke with Mr. Weber, and those pawned as aforesaid, will be raised on the trial.

"*Sixth.*— If the defendant is entitled to recover in this action it will be to the effect that he had and has a lien on the said jewelry to the extent of his advances, with pawn-broker's interest and costs."

Thereupon oral testimony was offered on behalf of the plaintiff, in which he attempted to show that Charles A. Weber, in taking the jewelry into his possession and subsequently pawning the same, was guilty of a larceny, and that consequently the defendant got no title to the jewelry

or a lien thereon. At the conclusion of the evidence, however, the court refused the plaintiff's request to submit that question to the jury, holding that it was entirely immaterial whether Weber got possession of the jewelry by legal or illegal means. Thereupon the court was asked to direct a verdict by both parties, and such verdict was directed in favor of the plaintiff, the court stating his opinion to be that there was such a limitation on the authority of Weber to sell as to take the case out of the Factors' Act or the general proposition of law that a man would be estopped by giving the possession coupled with the *indicia* of ownership to the person who pawned the goods. To this ruling the defendant duly excepted, and that presents the question which is now brought up for review.

The Appellate Division, in reviewing the question, divided, each side writing an opinion, in which their respective views were presented at length in a thorough and able discussion of the question; but it so happened that at that time the same question was under review in this court, and after a careful examination of the subject the conclusion was reached by us that the provisions of the Factors' Act to the effect that every factor or agent "who shall be entrusted with the possession of any merchandise for the purpose of sale, or as a security for any advances to be made or obtained thereon, shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person, for the sale or disposition of the whole or any part of such merchandise, for any money advanced, or negotiable instrument or other obligation in writing given by such other person upon the faith thereof" was sufficient to bring the case within the Factors' Act, and operated as a protection to the pawnbroker if he had acted in good faith in acquiring the property. (*Freudenheim* v. *Gütter*, 201 N. Y. 94.) Upon the argument of this appeal we were asked to again review the question considered in that case.

We have done so and our views remain unchanged, and the conclusion then reached must now be regarded as final and as establishing the rule under which the rights of the parties to this action must be determined. We do not, however, understand that the Factors' Act affords a protection in case the property has been stolen. (Consolidated Laws, ch. 41, § 43, subd. 1.)

Upon the trial the plaintiff, as we have seen, sought to establish that Weber was guilty of larceny in taking the jewelry into his possession; that in doing so he intended to cheat and defraud the owner of the value of the property. In answer to the plaintiff's request that that question be submitted to the jury, the defendant contended that the evidence was not sufficient to warrant a verdict that Weber was guilty of larceny. The trial court denied the plaintiff's application to submit that issue to the jury, thus in effect holding with the defendant upon the question, although he gave as a reason that he regarded it as immaterial. It thus appears that that issue remains open, undetermined, and the fact that the court refused to submit it to the jury on the application of the plaintiff did not render it necessary for the defendant to ask to go to the jury upon that question, he, as we have seen, taking the ground that the evidence was not sufficient to warrant a verdict. Of course, it would have been immaterial if the conclusion of the trial court was correct that the case was not brought within the Factors' Act, but inasmuch as he was in error upon this question we think the judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; GRAY, J., absent.

Judgment reversed, etc.