L. W. Sweet & Company, Inc., Plaintiff, v. Provident Loan Society of New York, Defendant.

First Department, May 27, 1938.

*David Schlang* of counsel [*Louis Frankel* with him on the brief], for the plaintiff.

*Neil P. Cullom* of counsel [*Frederick M. Schlater* with him on the brief; *DeForest, Cullom & Elder,* attorneys], for the defendant.

*Joseph J. Zeiger* of counsel [*Zeiger & Berliner,* attorneys], for R. Simpson & Co., Inc., *amicus curiæ.*

*Richard C. Murphy* of counsel [*David Davidoff* with him on the brief], for Jewelers' Committee, *amicus curiæ.*

O'Malley, J. The parties stipulate in this submission of controversy that the primary question for consideration is whether the Factors' Act (Pers. Prop. Law, § 43) protects the alleged lien of the defendant pawnbroker under the agreed facts submitted.

The statute in question, in so far as material to the issue presented, provides:

" 1. Every * * * agent, * * * intrusted with the possession of any merchandise *for the purpose of sale* * * * shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person, for the sale or disposition of * * * such merchandise * * * for any money advanced * * * by such other person upon the faith thereof." (Italics ours.)

It is agreed that the plaintiff is engaged in the business of buying and selling jewelry. On May 14, 1937, it delivered to Edward M. Britton, its employee and agent, a diamond platinum ring, intrusting him with its possession for the purpose of sale to a

specified individual at a price of $750. Britton obtained possession of the ring " by trick, fraudulent device and artifice, with the preconceived design to convert the same to his own use and with the intention at the time of the original delivery, of stealing the merchandise and of appropriating same to his own use and benefit. Such trick, device and artifice consisted of Britton's falsely stating to plaintiff that he knew of a prospective customer * * * for the jewelry and that he wished to effect a sale thereof to such customer on behalf of plaintiff." In reliance upon these representations and believing in Britton's integrity, plaintiff delivered the jewelry to him " to effect the proposed purpose."

On the same day Britton, without plaintiff's knowledge or consent, and in furtherance of his preconceived design and intent, pledged the ring with the defendant, which loaned him $225 on the faith of his possession, such loan being made in good faith in the regular course of defendant's business and without notice of plaintiff's ownership. Defendant delivered a pawn ticket to Britton who agreed to pay lawful interest at the rate of nine per cent per annum. Neither defendant's loan nor any interest thereon has been paid. Plaintiff has demanded possession of the jewelry from defendant without tendering the amount advanced thereon by the defendant, which has refused to deliver the ring without payment of the amount of its loan and interest thereon at the rate of six per cent.

Plaintiff seeks judgment for the return of its property, or its value. The defendant, while consenting to judgment for the plaintiff, seeks to have such judgment made subject to the lien of the amount advanced, with interest from the date of the loan.

Britton's possession of plaintiff's property was effected by means of common-law larceny by trick and device. This clearly appears from the submission; and, indeed, defendant's counsel so conceded during the course of his oral argument. Nevertheless, it is earnestly urged in the brief of defendant's counsel and in one brief of *amici curiæ*, that the defendant is entitled to the benefits of the statute under consideration and consequently to its lien for the amount of its loan with interest. This contention is predicated upon the claim that in any view of the transaction there was in fact a delivery *for sale* by the plaintiff to its employee and agent, Britton.

In support of this contention it is argued that the purpose of the Factors' Act, as interpreted by the courts, was to facilitate commerce and trade by protecting innocent vendees and pledgees who transact business with an agent armed with possession, that is, evidence of title; to mitigate the harsh rule that a person can pass no better title to merchandise than he actually has; and to

extend the equitable rule that where one of two innocent parties must suffer, he who has put it in the power of a third party to commit fraud should bear the loss. (*Cartwright* v. *Wilmerding*, 24 N. Y. 521, 526; *Dorrance* v. *Dean*, 106 id. 203; *Freudenheim* v. *Gütter*, 201 id. 94; *Kinston Cotton Mills* v. *Kuhne*, 129 App. Div. 250, 256, 257.) To effect these ends it has been held that the statute is to be liberally construed. (*Kinston Cotton Mills* v. *Kuhne, supra.*)

It is further urged that the plaintiff here must be deemed to have assumed the risk placed upon it by the statute, namely, that Britton might pledge the property with an innocent third party, who, upon the faith of his possession and in the honest belief that he was the owner, would advance money thereon. In this connection it is pointed out that if Britton had conceived the design to convert *subsequent to*, rather than *before*, the plaintiff made delivery to him for the purpose of sale, the defendant would be clearly entitled to the benefit conferred by the statute.

While this argument is not without force, we are of opinion that the question presented to us for consideration has been decided adversely to the defendant. In *Soltau* v. *Gerdau* (119 N. Y. 380) the Factors' Act was discussed in its broadest implications. While it was there held that the statute did not apply for the reason that the intrustment of the property was only for the purpose of transportation, it was plainly stated that the act had no application where there had been a common-law larceny, and that the owner under such circumstances legally did not consent to part with the possession of his property and that the thief never for one moment had possession rightfully or legally. It was further said (p. 390): " Statutes similar to this have for many years existed in England, and in most, if not all, the States of the Union, and it has never yet been held, nor, so far as we can discover, claimed in any reported case that the Factors' Act can have any operation whatever in the case of goods taken by a common-law larceny from the true owner. If the documents mentioned in the section quoted have been stolen from the owner, then it cannot be said that the thief was *entrusted with their possession;* and when a factor or agent obtains goods from the true owner by a common-law larceny, it cannot be said that he is entrusted with their possession *for the purpose of sale.* To bring the case within the section quoted, the factor or other agent must be consciously and voluntarily entrusted with the possession of the documents or merchandise, and the section can have no application whatever to a case where the documents or goods are taken by trespass or theft, and thus the possession of the factor or agent is, from the beginning, tortious, wrongful and unlawful." (Italics ours.)

The language quoted it seems to us must be given the force of more than mere dictum when viewed in the light of subsequent rulings by the Court of Appeals.

The case was cited by counsel in *Schmidt* v. *Simpson* (204 N. Y. 434) in which a verdict had been directed for the plaintiff on the theory that the Factors' Act had no application because the agent there involved was authorized to sell only at limited prices. The Trial Term refused to consider the question of the larcenous taking by the trick or fraud, upon the ground that such fact was immaterial. The Court of Appeals held that the act was applicable, despite the limitation on the agent's right to sell, and a new trial was ordered to have the question of the larceny, if any, determined. In the course of its opinion, the court said: " We do not, however, understand that the Factors' Act affords a protection in case the property has been stolen."

It seems to us that this was a clear holding that if there had been larceny by trick and device, the act in question would not have afforded protection to the defendant. Otherwise, there would then be no necessity for ordering a new trial.

In addition, the Court of Appeals in a situation quite similar to that here presented affirmed the Special Term and this court in refusing to give defendant (now here) the benefit of the Factors' Act where the property pledged had been obtained from the plaintiff by common-law larceny of trick and device. (*Stone, Inc.*, v. *Provident Loan Society*, 235 App. Div. 608; affd., 260 N. Y. 536.) It is true that in that case it is claimed that there was some issue as to whether the person who perpetrated the fraud was an agent of the plaintiff and whether there was a delivery for the purpose of sale. The Special Term's decision, however, was predicated upon the ground that there being common-law larceny by trick and device, the statute could have no.application. While the affirmance in this court and in the Court of Appeals did not necessarily adopt the reasoning of the Special Term, it would seem that had the Court of Appeals predicated its affirmance merely upon the fact that the transaction was not an intrustment for the purpose of sale, it would have so stated, particularly, if it did not choose further to follow *Schmidt* v. *Simpson* (*supra*).

In so deciding we have not overlooked the recent decision of the Court of Appeals in *Abrams* v. *Great American Ins. Co.* (269 N. Y. 90), relied upon by the defendant. In that case, however, the court was interpreting a contract between an insurer and an insured. The words " entrusted " and " theft," it was held, were to be taken in their ordinary meaning as understood by the average policyholder, as well as the insurer, and not with their

" legalistic implications." The Factors' Act, however, is statute law, and its terms of necessity must have " legalistic implications." In our view the decision in no way affects the principle of *Schmidt* v. *Simpson* (*supra*), which seems never to have been expressly qualified or criticized in any later decision of the Court of Appeals; nor has the Legislature seen fit to amend the statute because of such decision.

Our conclusion is that upon the facts submitted the defendant is not entitled to the benefit of the Factors' Act, and that judgment should be awarded to the plaintiff in accordance herewith, but without costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously directed in favor of the plaintiff in accordance with opinion, without costs.   Settle order on notice.