L. W. SWEET & COMPANY, INC., Respondent, *v.* PROVIDENT LOAN SOCIETY OF NEW YORK, Appellant.

Argued December 8, 1938; decided January 17, 1939.

*Neil P. Cullom* and *Frederick M. Schlater* for appellant. The defendant's lien is protected by the Factors' Act (Pers. Prop. Law; Cons. Laws, ch. 41, § 43), because the agent was intrusted by plaintiff with the jewelry for the purpose of sale. (*Freudenheim* v. *Gutter*, 201 N. Y. 94; *Schmidt* v. *Simpson*, 204 N. Y. 434; *Abrams* v. *Great American Ins. Co.*, 269 N. Y. 90; *Mynard* v. *Syracuse*, 71 N. Y. 180; *Motion Picture Co.* v. *Universal Film Co.*,

242 U. S. 502; *Lautman* v. *City of New York*, 157 App. Div. 219.) The agent was not guilty of common-law larceny by trick and device since he persuaded the plaintiff to give him power of sale. (*Zink* v. *People*, 77 N. Y. 114; *Folkes* v. *King*, [1923] 1 K. B. 282.)

*Joseph J. Zeiger* and *Ephraim Berliner* for R. Simpson & Co., Inc., *amicus curiæ.* The clear language of section 43 of the Personal Property Law, as well as its spirit, require that defendant's lien on the jewelry be protected, even though plaintiff was induced to intrust it to the agent by his fraudulent misrepresentations. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy*, 167 App. Div. 637; 216 N. Y. 704; *People* v. *Ryan*, 274 N. Y. 149; *Matter of Rouss*, 221 N. Y. 81; *Shulthis* v. *MacDougal*, 162 Fed. Rep. 331; 170 Fed. Rep. 529; *Freudenheim* v. *Gutter*, 201 N. Y. 94; *Harbeck* v. *Pupin*, 123 N. Y. 115; *People* v. *Dumar*, 106 N. Y. 502; *Phelps* v. *McQuade*, 220 N. Y. 232; *Abrams* v. *Great American Ins. Co.*, 269 N. Y. 90; *Barnard* v. *Campbell*, 58 N. Y. 76; *Marden* v. *Dorthy*, 160 N. Y. 39; *Island Trading Co.* v. *Berg Bros.*, 239 N. Y. 229; *Howland* v. *Woodruff*, 60 N. Y. 73; *Folkes* v. *King*, [1923] 1 K. B. 282; *Dows* v. *Greene*, 24 N. Y. 638; *First Nat. Bank* v. *Shaw*, 61 N. Y. 283; *Shenfield* v. *Bradley*, 174 N. Y. Supp. 619; *Dougherty Co.* v. *Krimke*, 105 N. J. L. 470; *Nelkin* v. *Provident Loan Society*, 265 N. Y. 393.) The agent was not guilty of common-law larceny by trick and device since he induced the plaintiff to give him power of sale. (*Whitehorn* v. *Davison*, [1911] 1 K. B. 463.)

*Samuel Lawrence Brennglass* and *David Schlang* for respondent. The property was obtained from plaintiff by means of common-law larceny by trick and device. (*Smith* v. *People*, 53 N. Y. 111; *Weyman* v. *People*, 4 Hun, 511; 62 N. Y. 623; *Loomis* v. *People*, 67 N. Y. 322; *People* v. *Morse*, 99 N. Y. 662; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Miller*, 169 N. Y. 339; *People* v. *Noblett*, 244

N. Y. 355; *Stone* v. *Provident Loan Society*, 260 N. Y. 536; *Schmidt* v. *Simpson*, 204 N. Y. 434; *Soltau* v. *Gerdau*, 119 N. Y. 380.) The Factors' Act has no application where property has been obtained by common-law larceny. (1 Halsbury's Laws of England [2d ed.], p. 277; *Cole* v. *Northwestern Bank*, L. R. 10 C. P. 354; *Cahn* v. *Pockett's Bristol Channel Steam Packet Co.*, [1899] 1 Q. B. 643; *Oppenheimer* v. *Frazer*, [1907] 2 K. B. 50; *Mowrey* v. *Walsh*, 8 Cow. 238; *Bassett* v. *Spofford*, 45 N. Y. 387; *Kinsey* v. *Leggett*, 71 N. Y. 387; *Soltau* v. *Gerdau*, 119 N. Y. 380; *Schmidt* v. *Simpson*, 204 N. Y. 434; *Wood* v. *Simpson*, 149 App. Div. 471; *Phelps* v. *McQuade*, 158 App. Div. 528; 220 N. Y. 232; *Thompson* v. *Goldstone*, 171 App. Div. 666; *Amols* v. *Bernstein*, 214 App. Div. 469; *Stone* .v. *Provident Loan Society*, 260 N. Y. 536; *Prentice Co.* v. *Page*, 164 Mass. 276; *Davis* v. *Davis*, 75 N. Y. 221; *Kent* v. *Jamestown Street Ry. Co.*, 205 N. Y. 361; *Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310; *Rapps* v. *Gottlieb*, 142 N. Y. 164.) The Factors' Act does not apply to the agent's possession of the property, obtained for the limited purpose of a sale on behalf of plaintiff to a particular person for a specified price. (*Heilbronn* v. *McAleenan*, 1 N. Y. Supp. 875; *Anderson* v. *McAleenan*, 15 Daly, 444; *Ladwin* v. *Baruch*, 34 Misc. Rep. 544; *Boston Supply Co.* v. *Rubin*, 214 Mass. 217; *Collateral Loan Co.* v. *Sallinger*, 195 Mass. 135; *Thacher* v. *Moors*, 134 Mass. 156.)

*Richard C. Murphy, David Davidoff* and *Albert P. Singman* for Jewelers Committee, *amicus curiæ.* The defendant's retention of the ring is not justified under the Factors' Act, which is inapplicable, because defendant received the ring from one who obtained possession by means of a common-law larceny by trick and device. (*Loomis* v. *People*, 67 N. Y. 322; *Smith* v. *People*, 53 N. Y. 111; *People* v. *Miller*, 169 N. Y. 339; *Hanson* v. *National Surety Co.*, 257 N. Y. 216; *Soltau* v. *Gerdau*, 119 N. Y.

380; *Schmidt* v. *Simpson*, 204 N. Y. 434; *Stone* v. *Provident Loan Society*, 235 App. Div. 608; 260 N. Y. 536; *Nelkin* v. *Provident Loan Society*, 241 App. Div. 875; *Wood* v. *Simpson*, 149 App. Div. 471; *Phelps* v. *McQuade*, 158 App. Div. 528; 220 N. Y. 232; *Thompson* v. *Goldstone*, 171 App. Div. 666; *Amols* v. *Bernstein*, 214 App. Div. 469; *Prentice* v. *Page*, 164 Mass. 276; *Boston Supply Co.* v. *Rubin*, 214 Mass. 217; *New Amsterdam* v. *National Union Fire Ins. Co.*, 266 N. Y. 254.) Since the defendant received possession of plaintiff's property from one who obtained possession of the property for the limited purpose of a sale to a particular person for a specified price, the Factors' Act is inapplicable. (*Heilbronn* v. *McAleenan*, 49 Hun, 607; *Anderson* v. *McAleenan*, 15 Daly, 444; *Prentice* v. *Page*, 164 Mass. 276; *Collateral Loan Co.* v. *Sallinger*, 195 Mass. 135; *Boston Supply Co.* v. *Rubin*, 214 Mass. 217; *Heap* v. *Motorists' Advisory Agency*, 1 K. B. 577; *Cuff-Waldron Manufacturing Co.* v. *Heald*, 3 D. L. R. 1901; *Busch* v. *Fry*, 15 Ont. Rep. 122.)

HUBBS, J. This case was submitted to the Appellate Division upon an agreed statement of facts. Plaintiff is engaged in the jewelry business. The defendant is a pawnbroker. Plaintiff intrusted to an employee a diamond ring to sell to one Doctor Chiaramonte for $750. At the time the employee did not intend to sell the ring, but had a preconceived design to steal it and to convert the proceeds to his own use. Thereafter the employee pledged the ring with the defendant, which in good faith loaned him $225 on it. The Appellate Division has decided that the Factors' Act does not apply in such circumstances and that the plaintiff is entitled to recover possession of the ring without paying to the defendant the amount advanced.

The Factors' Act (Pers. Prop. Law; Cons. Laws, ch. 41, § 43) provides: " Every factor or other agent, intrusted

with the possession of any bill of lading * * * and every such factor or agent not having the documentary evidence of title, who shall be intrusted with the possession of any merchandise for the purpose of sale * * * shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person, for the sale or disposition of * * * such merchandise, for any money advanced * * * by such other person upon the faith thereof." The employee of the plaintiff, in obtaining possession of the ring, was guilty of common law larceny by trick and device. (*People* v. *Miller*, 169 N. Y. 339, 354.) It is so agreed in the statement of facts. Concededly, if the employee had been guilty of embezzlement the Factors' Act would apply, as in those circumstances the employee would have rightfully obtained possession. The test seems to be whether at the time of obtaining possession, such possession was obtained with the preconceived intention of committing the crime of common law larceny by trick and device. If so, the Factors' Act does not apply. If, however, the intent was conceived after obtaining possession, then the act applies. For over a hundred years that has been the law in this State. In *Soltau* v. *Gerdau* (119 N. Y. 380, 390) this court said: " Statutes similar to this have for many years existed in England, and in most, if not all, the States of the Union, and it has never yet been held, nor, so far as we can discover, claimed in any reported case that the Factors' Act can have any operation whatever in the case of goods taken by common law larceny from the true owner." The same principle was applied in the case of *Schmidt* v. *Simpson* (204 N. Y. 434) and as late as the case of *Stone, Inc.*, v. *Provident Loan Society* (260 N. Y. 536).

It is earnestly urged by counsel for appellant that the rule which places upon the owner the risk that his agent may decide to commit a fraud after the delivery of the article to be sold and protects the pledgee for money

advanced in good faith, but in cases where the agent had decided to commit common law larceny by trick and device before delivery of the article to him, then that a pledgee in good faith is not protected, is an unreasonable rule not justified by the terms of the statute. We recognize the force of appellant's argument. Nevertheless we feel constrained to follow an unbroken line of decisions of this court extending over many years. If a change is to be made it must be made by the Legislature.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.