MAX MENDELSOHN, Respondent, *v.* R. SIMPSON & CO., INC., Appellant.

First Department, April 6, 1944.

*Edmond M. Hanrahan* of counsel (*Francis F. Stevens* with him on the brief; *Sullivan, Donovan & Heenehan,* attorneys), for appellant.

*Jay J. Lehrman* for respondent.

UNTERMYER, J. The action is for replevin which, to the extent that it concerns the appellant, is for the recovery of four pieces of jewelry, each of which is the subject of a separate cause of action covered by the third, fourth, fifth and sixth causes of action of the complaint.

These four pieces of jewelry had been intrusted for sale to Mrs. Margaret Boyle, a resident of Washington, D. C., by one Jack Blauweiss, a jewelry broker of New York City, who had secured them for that purpose from the plaintiff. Instead of selling the jewelry Mrs. Boyle first pledged it with George D. Horning, Inc., a firm of pawnbrokers of Arlington, Virginia, and converted to her own use a portion, though not all, of the proceeds. Thereafter she repledged the jewelry with the defendant, using the greater part of the proceeds to secure its release from George D. Horning, Inc. The defendant received the jewelry without knowledge of the means by which it had been procured.

It is unnecessary to recapitulate the facts constituting the fraud by which Mrs. Boyle procured possession of this and other jewelry from the plaintiff. It is sufficient to say that the evidence fully justifies the conclusion of the Trial Judge that it was secured " by trick and device " and that, accordingly, the provisions of the Factors' Act (Personal Property Law, § 43) do not apply. (*Sweet & Co.* v. *Provident Loan Society,* 279 N. Y. 540.)

The question remains whether the plaintiff may recover for two pieces of jewelry, consisting of a diamond platinum bracelet intrusted to her at a price of $7,500 and a diamond clip at $5,875, which are covered by the fifth and sixth causes of action. These sums were paid by Mrs. Boyle to Blauweiss and out of them the owners of the jewelry were paid. The plaintiff asserts that although those sums were accepted from Mrs. Boyle in payment of the purchase price of these two pieces of jewelry, they may now be treated as payments made on general account of her liability to the plaintiff, resulting not only from the transactions involving the four pieces of jewelry pledged with the defendant but from other jewelry transactions with which the defendant is not concerned. We think this may not be done and that the plaintiff is limited to the recovery of the

value of the jewelry covered by the third and fourth causes of action, amounting to $14,000.

The plaintiff proceeds on the theory that Mrs. Boyle, having secured the jewelry by means of common-law larceny (*People v. Miller*, 169 N. Y. 339) and, therefore, having no title, could vest none in the defendant. (*Silsbury v. McCoon*, 3 N. Y. 379; *Bassett v. Spofford*, 45 N. Y. 387.) This would undoubtedly be true were it not that she paid to the plaintiff and the plaintiff accepted the purchase price of the two pieces of jewelry covered by the fifth and sixth causes of action. By accepting that purchase price the plaintiff necessarily intended to transfer the title to these two items of jewelry to Mrs. Boyle. It is immaterial, therefore, that Mrs. Boyle had no title when she received these two items from Blauweiss, since the effect of the subsequent payment by her and acceptance by the plaintiff of the purchase price was to vest the title in her or in her transferee. This is true even though, in accepting these payments, neither the plaintiff nor Blauweiss was aware that they were made with the proceeds of other larcenies. It may be that this would entitle the plaintiff to disaffirm the transaction as against Mrs. Boyle and to assert that the payments were applied to these specific items of jewelry under the influence of misrepresentations concerning the derivation of the funds. But such a transaction, though induced by misstatements concerning a collateral fact, was voidable and not void (*Whithorn Brothers v. Davison* [1911] 1 K. B. 463) and did not prevent the vesting of title in the transferee. (*Phelps v. McQuade*, 220 N. Y. 232; *Whipple v. Brown Brothers Co.*, 225 N. Y. 237; *Cundy v. Lindsay, L. R.* [3 App. Cas.] 459; *Edmunds v. Merchants' Transportation Co.*, 135 Mass. 283.) That title Mrs. Boyle could transfer to the defendant, who, as an innocent party, acquired its lien unincumbered by the equities existing in the plaintiff's favor against Mrs. Boyle.

This conclusion makes it unnecessary to consider whether the plaintiff could maintain the sixth cause of action for jewelry of which he appears not to have been the owner, under an assignment from Blauweiss which was not executed until after the institution of the action.

The judgment should be modified by reducing the amount to $14,000 with interest, and as so modified affirmed, without costs.

Martin, P. J., Dore and Cohn, JJ., concur; Callahan, J., taking no part.

Judgment unanimously modified by reducing the amount to $14,000 with interest, and as so modified affirmed, without costs. Settle order on notice.