JACK HOFFMAN, Plaintiff, *v.* IRVING ALPERN et al., Defendants.

City Court of the City of New York, Special Term, New York County,
June 29, 1948.

*George Knopp* for Seymour Knapp, Inc., and another, defendants.

*Benjamin H. Saxen* for plaintiff.

RIVERS, J. Motions numbers 21 and 27 of June 14, 1948, have been consolidated.

The motion by defendants Knapp, Inc., and Arthur Reick and Alexander Bennett, doing business as Arthur Reick & Company, for summary judgment under rule 113 of the Rules of Civil Practice and dismissing the complaint against those

defendants is granted with leave to plaintiff to serve an amended complaint within ten days after service upon his attorney of a copy of this order with notice of entry.

The motion of defendant, Seymour Knapp, Inc., for judgment on the counterclaim is denied, as the facts concerning its own title are peculiarly within the knowledge of that defendant.

The complaint alleges a claim predicated upon fraudulent representations of the codefendant Fazio, to whom this merchandise was in the first instance allegedly sold and delivered. Insofar as appears from the complaint, the defendant Knapp, Inc., and also defendants Reick and Bennett, were bona fide purchasers for value without notice of the alleged fraud.

" Where the vendor of personal property intends to sell his goods to the person with whom he deals, then title passes, even though he be deceived as to that person's identity or responsibility. Otherwise it does not. It is purely a question of the vendor's intention ". (*Phelps* v. *McQuade,* 220 N. Y. 232, 234, affg. 158 App. Div. 528; *Mendelsohn* v. *Simpson & Co.,* 267 App. Div. 564.)

Reading the complaint as favorably to the plaintiff as possible, it nevertheless appears therefrom that Fazio had at least a voidable title and that he could pass to an innocent purchaser for value and without notice a better title than his own (Personal Property Law, § 105).

Therefore, upon the basis of the present complaint the defendants Knapp, Inc., and Reick & Company are entitled to summary judgment. However, in the affidavit which he has submitted in opposition to this motion for summary judgment the plaintiff sets forth facts showing a common-law larceny (cf. *People* v. *Miller,* 169 N. Y. 339). If there was such a larceny not even a voidable title to the merchandise passed to Fazio, and Knapp, Inc., and Reick & Company could not then claim the goods. A common-law larceny is " the felonious taking the property of another, without his consent and against his will, with intent to convert it to the use of the taker " (*Hammon's Case,* 2 Leach 1083, 1089, as quoted in *Bassett* v. *Spofford,* 45 N. Y. 387, 391). In the *Bassett* case (*supra*) the court said: " The fraudulent and wrongful taking being proved with the felonious intent, the *animo furandi,* the only question remaining in any case is whether the taking was with the consent of the owner; for if so, although the consent was obtained by gross fraud, there is no larceny."

Although the moving defendants have shown a clear right to summary judgment upon the cause of action presently pleaded

against them, plaintiff should be afforded an opportunity to serve an amended complaint based upon a common-law larceny, in accordance with the procedure indicated in *Elsfelder* v. *Cournand* (270 App. Div. 162).

The motion of the plaintiff for leave to serve a reply to the counterclaim is granted on consent of the defendant Knapp, Inc., and the reply to that counterclaim which is annexed to the notice of motion of the plaintiff, dated June 8, 1948, is deemed to be the reply, and shall stand as such without the necessity of service of any further papers.