SARAH G. COPIN, Plaintiff, *v.* FRANK LEUCI, as Property Clerk of the Police Department, City of New York, Defendant.

HELEN BRANDT, Plaintiff, *v.* FRANK LEUCI, as Property Clerk of the Police Department, City of New York, Defendant.

City Court of the City of New York, Trial Term, New York County, March 1, 1955.

*Lawrence Zucker* for Sarah G. Copin, plaintiff.

*George Langberg* for Helen Brandt, plaintiff.

*Peter C. Brown, Corporation Counsel (Nathan B. Silverstein* of counsel), for defendant.

BAER, J. These cases were tried without a jury. Formal findings of facts and conclusions of law were waived. It was further stipulated by all parties that one judgment be entered for both actions; that no costs or disbursements be assessed against the defendant; and that the judgment provide only for disposition of the chattel involved since it is available, rather than money damages.

Toward the latter part of October, 1953, the plaintiff Copin, advised her father, a jeweler, that she would like to sell her diamond ring. She was advised that one Haake, also in the jewelry business, and a friend of many years, knew another jeweler who had a customer. On October 30, 1953, D'Avella, "the other jeweler", drove Copin's father to her home. D'Avella expressed satisfaction with the ring and Copin gave it to her father to give to Haake on "memorandum". On the same afternoon the ring was given to Haake who gave to Copin, through her father, a "memorandum" receipt and simultaneously received a similar receipt from D'Avella.

Thus far there is little dispute on the facts. D'Avella testified that on October 31, 1953, he gave the ring to Girolamo and received a formal "memorandum". He had obtained the chattel as Girolamo had told him that he had a customer for "an emerald cut stone". Here the testimony conflicts. D'Avella testified that he gave the ring to Girolamo on October 30, 1953, or October 31, 1953, strictly under the terms of the receipt, to return the ring or $6,000 in cash. When D'Avella was pressed for the return of the ring or cash by the plaintiff Copin, he and Haake went to the District Attorney of Queens County, charged Girolamo with grand larceny and the latter was arrested. At the same time the ring was obtained from the plaintiff Brandt

who had purchased it from Girolamo and is now in the possession of the defendant.

Girolamo testified to a course of business transactions with D'Avella. Girolamo is a jewelry salesman. He obtains merchandise on memorandum and on credit from several jewelers and sells to a variety of customers. He contends that D'Avella gave him credit and there is much evidence of payments by Girolamo to D'Avella by notes, postdated checks and cash with respect to previous transactions. He also contends that he gave memorandum receipts for certain merchandise but obtained the return of the receipt upon payment.

On October 31, 1953, when he saw D'Avella to obtain the ring in question he was told he could not get further credit; that he must pay cash or return merchandise equivalent to $6,000, the agreed price of the ring. He agreed to this and asked D'Avella to give him the ring on memorandum so that he could obtain other jewelry previously sold to him by D'Avella and which was in a pawnshop. He thereupon pawned the ring, subject of these actions, for $2,200, took out two other diamond rings which had been pawned for $2,000 and within one hour of obtaining the ring, returned to D'Avella, gave him the two repossessed rings and $200 or $300 in cash which he contends was full payment. He received back his memorandum receipt which is in evidence and charges that a memorandum receipt in D'Avella's possession is a tracing.

Girolamo then saw the plaintiff Brandt at her husband's carwashing place and told her that he had a ring for her. She had previously bought a ring from him for $3,450 which she had returned to him as she preferred an "emerald cut". Girolamo testified that he had returned the $3,450 ring to D'Avella for credit on his, Girolamo's, account.

On or about December 10, 1953, the plaintiff Brandt bought the ring at issue here. It cost her a total of $6,044. She paid this through credit of $3,450 for the ring returned and by a check of $2,300, a check of $44 and $250 in cash.

The law is well settled in this State under the Factors' Act (Personal Property Law, § 43), and the estoppel statute (Personal Property Law, § 104) that "'*Possession is evidence of ownership, and the statute makes it conclusive evidence that the agent in possession as the apparent owner is the real owner so far as necessary to protect bona fide purchasers from his fraud.* It makes the owner vouch for the honesty of his agent. * * * that loss is placed not upon the third party who is wholly innocent, but upon the owner, because by appointing

and trusting a dishonest agent he brought about the loss.'"
(*Kirsch* v. *Provident Loan Soc. of N. Y.*, 189 Misc. 898, 904;
*Freudenheim* v. *Gutter*, 201 N. Y. 94–100; *Cartwright* v. *Wilmerding*, 24 N. Y. 521, 526; *Zendman* v. *Harry Winston, Inc.*,
305 N. Y. 180.) It also is well settled that if the chattel is
obtained from the owner by means of common-law larceny by
trick or device or if there was a preconceived design by the
one in possession to steal the chattel and to convert the proceeds
to his own use, the Factors' Act does not apply. The test seems
to be whether at the time of obtaining possession, such possession was obtained with the preconceived intention of committing
the crime of common-law larceny by trick and device. If so,
the Factors' Act does not apply. If, however, the intent was
conceived after obtaining possession then the act applies.
(*Sweet & Co.* v. *Provident Loan Soc. of N. Y.*, 279 N. Y.
540–544.)

The issues of fact thus presented are: is the plaintiff Brandt
a bona fide purchaser who acted in good faith and with honest
intentions? Did the seller Copin clothe Girolamo who sold the
ring to Brandt with legal possession within the meaning of the
statute or was such an act committed, during the chain of transfers of possession, as would preclude the application of the
statute?

There is no evidence to make the court doubt that Brandt
was a bona fide purchaser who acted in good faith and with
honest intentions. The inference sought to be drawn from the
fact that the ring had to be redeemed by Girolamo from a pawnshop before he could sell it does not overcome the affirmative evidence that Brandt purchased jewelry previously from
Girolamo; that the latter used the pawnshop as a place of safekeeping and perhaps to finance purchases and to aid him in
making sales because the loan value was some evidence of the
real worth of the merchandise.

Admittedly, possession of the ring and indicia of ownership
through memorandum receipt was given by plaintiff Copin to
Haake and to D'Avella. Likewise D'Avella admits the further
transfer by memorandum receipt to Girolamo who sold the ring
to Brandt. There is no proof that Girolamo had a preconceived
intent to convert to his own use or that a larceny by trick and
device was committed. Here again the court is asked to infer
from the immediate pawning of the ring, that a larceny was
committed and thus good title could not pass to Brandt. There
is no corroboration for this contention unless it be in the testimony of D'Avella. This witness failed to produce books (no

matter what his excuse) to substantiate his testimony as against Girolamo's explanation of their transactions. He failed to adequately explain evidence adduced which corroborates Girolamo's version of the business relationship. In fact, there are many discrepancies in D'Avella's testimony which preclude the conclusion that Girolamo obtained the ring from him through larceny or any preconceived plan to steal it. The testimony is overwhelmingly in favor of the conclusion that Girolamo purchased the ring. In any event, he obtained possession of it and was clothed with such apparent ownership that the purchase from him by Brandt is protected under the statute. Perhaps there was some wrongdoing or fraud perpetrated upon the seller in this transaction. It is not necessary for this court to determine that question or which agent or agents were responsible therefor. As between two innocent victims of the fraud, the one who made possible the fraud on the other should suffer. (*Dows* v. *Kidder*, 84 N. Y. 121, 128; *Parker* v. *Baxter*, 86 N. Y. 586, 591; *Zendman* v. *Harry Winston, Inc., supra; Cartwright* v. *Wilmerding, supra; Freudenheim* v. *Gutter, supra; Kirsch* v. *Provident Loan Soc. of N. Y., supra;* Personal Property Law, §§ 43, 104.)

Judgment is granted to the plaintiff Brandt.

The complaint of the plaintiff Copin is dismissed.

The defendant is directed, upon receipt of written release from the District Attorney of Queens County to deliver the chattel to the plaintiff Brandt.

No costs or disbursements in favor of any of the parties as against the other parties to the two actions. One judgment may be entered. Stay as above indicated. Thirty days to make a case.